Francis T. Murphy, Jr., J.
Corporate-petitioner day Cottons, Inc., brings this application pursuant to article 78 of the CPLR to compel respondent, the District Attorney of New York *127 County, to return certain of its property. The books and records which are the subject matter of the instant proceeding had been previously delivered to respondent by petitioner in compliance with a subpoena duces tecum issued in a “ John Doe ” proceeding. Respondent cross-moves to dismiss the petition.
Respondent argues that the instant proceeding brought under article 78 of the C'PLR is procedurally improper and that the court is without jurisdiction to grant the relief sought.
It is the respondent’s contention that the application is properly made pursuant to sections 813-c through 813-e of the Code of Criminal Procedure.
While CPLR 7801 states that an article 78 proceeding shall not be used to challenge a determination made in a criminal matter (with an exception not here applicable), it is to be noted that it is not a review of a determination in a criminal matter which is sought. It is rather a review of an alleged unlawful withholding and retention of corporate petitioner’s property by respondent for which relief is sought. (Matter of Bernoff v. Amoroso, 188 Misc. 845, 846, affd. 271 App. Div. 925.) A proper question is raised under CPLR 7803 (subd. 2), to wit: whether the officer proceeded or is proceeding in excess of jurisdiction.
Moreover, sections 813-c through 813-e of the Code of Criminal Procedure which provide for an application for the return of property are not available to the petitioner herein for the said petitioner is not the defendant in the criminal proceeding in which the books and records in question were introduced in evidence. The defendant in that criminal proceeding is Leopold B. Lowy, who while he is the corporate president of the petitioner herein has been indicted in his individual capacity. Consequently this court is not deprived of its jurisdiction in the matter.
Petitioner produced its books and records pursuant to a subpoena to appear before the New York County Grand Jury in a proceeding entitled “ People of the State of New York against ‘ John Doe’”. The subpoena was dated February 21, 1966 and returnable March 11,1966. Petitioner alleges and respondent does not deny, that petitioner’s books and records produced pursuant to subpoena were not used in the “ John Doe ” proceeding as set forth in the subpoena by which they were obtained. Instead the books and records have remained in the possession and custody of the District Attorney for a period of 16 months. That at the end of the 16-month period, the said books and records were submitted to a Grand Jury investigating the petitioner’s president, one Leopold B. Lowy, who in his individual and personal capacity was ultimately indicted for grand *128 larceny. The power of subpoena cannot be used .for the purpose of discovery of the existence of evidence. (Cataldo v. County of Monroe, 38 Misc 2d 768, affd. 19 A D 2d 852.) Moreover the power of subpoena does not confer the power to seize or impound such records (Matter of Amalgamated Union, Local 224 v. Levine, 31 Misc 2d 416; Matter of Atlas Lathing Corp. v. Bennett, 176 Misc. 959).
There being no lawful basis for the continued withholding and retention of corporate petitioner’s books and records, the petitioner’s motion is granted and the respondent is directed to return the said books and records to the petitioner. The cross motion to dismiss the petition is denied.