■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL PETERSON, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, rendered July 2, 1974. Sentence affirmed (see *People* v. *Bryant,* 47 A D 2d 51). Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALLEN Q. TROTTIE and TERRY L. SPEARMAN, Respondents.— Appeal by the People from an order of the County Court, Westchester County, made August 27, 1973, which granted, without prejudice, defendants' oral motion to dismiss the indictment at the close of a pretrial identification hearing. Order reversed, on the law, motion denied, without prejudice to renewal upon compliance with the pertinent statutory requirements hereinbelow mentioned, and indictment reinstated. Defendants were charged with various crimes under a multicount indictment. At an identification hearing conducted immediately prior to trial, the People failed to produce two material witnesses. A three-day adjournment was granted the People to afford them an opportunity to bring in these witnesses, but they again failed to appear. Both defendants then orally moved to dismiss the indictment on the ground that the People were not ready for trial, noting that the People had been granted two prior adjournments. After argument on the motion and a statement by the Assistant District Attorney as to the efforts of the New Rochelle Police Department to communicate with the material witnesses, the court stated, *inter alia,* that, without the witnesses "the People have failed to establish as a matter of law the identification as claimed by the People ". It noted that, as regards the question of proceeding with trial, the People had had sufficient time and opportunity to bring forth their material witnesses and observed that one of the defendants had been in jail for at least six months. The court then granted the oral motion to dismiss "in the interests of justice ". A motion to dismiss an indictment must be in writing and upon reasonable notice to the People (CPL 210.45, subd. 1; *People* v. *Ryan,* 42 A D 2d 869). It requires a hearing, at which time the court could determine whether there are any compelling factors necessitating a dismissal in the interests of justice and adequately set forth its reasons therefor on the record (CPL 210.40, 210.45; *People* v. *Clayton,* 41 A D 2d 204, 206–208). The failure to comply with these requirements constituted reversible error (see *People* v. *Kwok Ming Chan,* 45 A D 2d 613). Moreover, we find that the mere failure to present witnesses at the identification hearing did not justify the court's dismissal of the indictment in the absence of a showing of a compelling reason therefor. The purpose of the identification hearing was to ascertain whether there had been a tainted identification which should be suppressed at trial. In the event the court were to find such a taint, the ultimate decision as to whether or not to proceed with the trial would nevertheless rest with the People. At no time during a pretrial identification hearing is the underlying indictment brought into the picture. Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.