■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL SINGLETON, Respondent.—In a prosecution for criminal sale of a controlled substance in the second, third and fifth degrees, the People appeal from an order of the County Court, Nassau County, made during the course of trial, and entered April 18, 1974, which dismissed the indictment in the interest of justice upon the prosecutor's refusal to divulge the identity of a confiden-tial informant and to permit his interrogation by defense counsel. Order reversed, on the law, indictment reinstated, and new trial ordered. On November 7, 1973, undercover police officers Hagius and Abrams, together with a confidential informant, met Gregory Bruce, known to them to be a seller of heroin, at the Green Acres Shopping Center at Valley Stream, New York, at about 9:00 P.M. The meeting had been prearranged for the purpose of making a $1,000 purchase of heroin. They met Bruce at the appointed place, an entranceway to Alexander's department store in the shopping

center. With Bruce at that time were his cousin, Lang, and defendant. Neither the undercover officers nor the informant knew defendant or Lang. Hagius asked Bruce whether he had the heroin, and when Bruce indicated in the affirmative, defendant removed his hat and placed it across his chest. Bruce removed a bag from the hat which contained white powder (subsequently analyzed as heroin). Bruce then went with Hagius, Abrams and the informant to Hagius' automobile in order to close the transaction. Defendant told Bruce to get the money while he went to call a cab. In the car Hagius tasted a bit of the white substance in the bag. He then told Abrams to get the money from the car's trunk. When Abrams put a key in the trunk (a signal to detectives staked out nearby), detectives appeared, took possession of the bag of heroin, and arrested Hagius, Abrams, the informant, defendant, Lang and Bruce. At the close of the People's case, and after the prosecution had established, through Hagius and Abrams, the commission of the crime by Bruce and defendant, defense counsel moved for an order directing the District Attorney to divulge the identity of the confidential informant who had accompanied the undercover police officers and to permit his interrogation, *in camera,* before the Trial Judge. Upon refusal by the District Attorney, defendant's attorney made an oral motion to dismiss the indictment, and the motion was granted in the interests of justice. We conclude under the circumstances of this case that the failure to comply with the requirements of CPL 210.40 and 210.45 constituted reversible error (see *People v Trottie,* 47 AD2d 751; *People v Kwok Ming Chan,* 45 AD2d 613; see, also, *People v Clayton,* 41 AD2d 204, 206–208). Further, although the informant in this case was an eyewitness or participant in the alleged crime, we are of the view that defendant did not lay any foundation for the disclosure of the informant's identity as discussed in *People v Goggins* (34 NY2d 163, 170). In other words, the informant's testimony was not crucially relative to the question of defendant's guilt or innocence. Rabin, Acting P. J., Martuscello, Cohalan, Margett and Munder, JJ., concur.