**In the Matter of the SEALED AFFIDAVIT(S) TO SEARCH WARRANTS EXECUTED ON FEBRUARY 14, 1979.**

**Misc.-Civ. No. 722.**

United States District Court,
D. Nevada.

May 21, 1979.

Stephen Stein, Las Vegas, Nev., Stanley I. Greenberg, Los Angeles, Cal., for movants.

Geoffrey A. Anderson, Asst. U. S. Atty., Strike Force Division, Las Vegas, Nev., for respondents.

## MEMORANDUM DECISION AND ORDER

CLAIBORNE, District Judge.

Moving parties, Joseph V. Agosto and Productions and Leasing, Inc., have brought on a "Motion to Unseal and Limit Inspection of Affidavit(s) Pertaining to Search Warrants Executed on February 14, 1979, to Persons Whose Person, Premises, and Property Interests Were Searched, Said Persons' Attorneys, and Government Counsel." On or about February 14, 1979, the Government presented to me one 131-page affidavit sworn to by a special agent of the Federal Bureau of Investigation in support of the issuance of five search warrants. I determined that, based thereon, probable cause existed for the issuance of said warrants, and I executed the same. The warrants and the returns, which are matters of public record, reflect searches of the moving parties and/or premises, among others, for evidence of violation of various Federal laws relating to the management and control of the Tropicana Hotel and Casino in Las Vegas, Nevada. On February 15, 1979, I ordered that said affidavit be kept in separate folder under seal. The searches were made on the 14th, and returns were filed on the 15th. The investigation is still ongoing but should be completed shortly, and no indictments have been returned.

The Court heard oral arguments on this matter on April 23, 1979. At that time, counsel for the movants made four arguments in support of their motion, but the one argument which intrigues the Court is the proposition that the Court does not have the power to seal the affidavit in support of a search warrant in the first place.

Much of the law with respect to the area of searches and seizures, both statutory and judgemade, has been codified into Rule 41 of the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3101 et seq.; and 3 Wright, *Federal Practice and Procedure*, § 661 at 20. While there are other sections of Title 18 to the United States Code which deal with specific problems regarding searches and seizures, none of those statutes have anything to do with the power of a judge or magistrate to seal an affidavit upon which a search warrant is based. Rule 41(c) is the only authority which relates to affidavits which underlie the execution of a search warrant, but nowhere in Rule 41(c) is the power of a judge or magistrate to seal such an affidavit even suggested. And, while there are other statutes and rules which can provide for secrecy in some areas of crimi-

nal law (cf. Rule 6—grand jury proceedings and indictments; Rule 16—discovery proceedings; 18 U.S.C. § 2518(8)(a)—tapes of wiretapped conversations) as well as civil law (cf. F.R.C.P. Rule 26(c)—protective orders), there is no statute providing for secrecy with respect to search warrant affidavits.

The only case of which the Court is aware that deals with the sealing of affidavits to any extent is *Shea v. Gabriel,* 520 F.2d 879 (1st Cir. 1975). However, that case does not answer the question of whether a judge or magistrate has the right or power to seal a search warrant affidavit. The District Court in that case used a "balancing test" and determined that the government's need for secrecy outweighed the immediate need for disclosure to the target of the search warrant in ordering that the affidavit be sealed. The First Circuit did not state whether the Court had the power to seal and, if so, whether it used the proper test in that regard. The specific issues before the First Circuit were whether it had jurisdiction to entertain an appeal following a denial of a pre-indictment motion to suppress and a denial of a pre-indictment motion for return of property, but the Court did not address itself to the issue by ruling that the lower court had properly considered the equities of the case in its "veil of secrecy" in denying the Rule 41(e) motion. *Id.* at 882.

Not only is there no case law or statute or rule which the Court can look to for guidance, the United States Constitution is likewise of no help. The framers of the United States Constitution gave Congress the power "to make all Laws which shall be necessary and proper for carrying into Execution the foregoing [specifically enumerated] Powers . . . ." (Art. I, § 8, cl. 18), but did not specifically grant any such implied powers to the Judiciary in Article III of the Constitution. The framers specifically defined the Judiciary's powers as follows:

> The judicial Power shall extend to all Cases . . . arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority . . . Art III, § 2.

As I see it, this Court is being asked to construe a law which does not exist. The Court cannot do this. While federal courts have the power to construe and apply the law of Congress, they have no power to rewrite, expand or contract them (*Liberty Mutual Insurance Co. v. Horton,* 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), *affg.* 275 F.2d 148, 153 (5th Cir. 1960)), even if they relate to matters of procedure with respect to substantive federal law (*In re Dejay Stores, Inc.,* 220 F.Supp. 497, 503–504 (S.D.N.Y.1963)). In my opinion, to hold that a federal court has the power under Rule 41(c) to seal an affidavit underlying a search warrant is to legislate Rule 41(c)(1)(b). Furthermore, if such a statute did in fact exist it is far from a closed question as to whether such a statute would be constitutionally valid, given that under certain hypothetical circumstances the sealing of an affidavit could infringe upon a person's Fourth Amendment rights. In any event, it is not for the courts to consider the abstract question of whether Congress might have enacted a valid statute. *Aptheker v. Secretary of State,* 378 U.S. 500, 516, 84 S.Ct. 1659, 1669, 12 L.Ed.2d 992 (1964).

I agree with one of my brothers who stated in this Court on May 16, 1979, in ordering that sealed search warrant affidavits be unsealed immediately, "secrecy in government leads to bad government." (Misc.Civ. 717).

In short, I hold that the federal courts have no power to seal affidavits upon which search warrants are based, at least until such time as Congress gives federal courts such power.

WHEREFORE, IT IS HEREBY ORDERED that the Order sealing the above described affidavits is rescinded, and the Clerk of the Court is hereby ordered to unseal the same.