■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL KOVZELOVE, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated October 10, 1978, which, upon defendant's oral motion, dismissed the indictment in the interests of justice. Order reversed, on the law, and indictment reinstated, without prejudice to defendant's right to move to dismiss the indictment pursuant to CPL 210.20. Defendant made a written omnibus motion, *inter alia,* for dismissal of the indictment on the ground that it was not based upon legally sufficient evidence. The motion was adjourned from time to time. On September 7, 1978 the District Attorney was unable to supply the Grand Jury minutes. The reason proffered by the District Attorney was the fact that this case involved a major investigation into the illegal use of credit cards resulting in a delay by the Grand Jury stenographers in typing. The matter was adjourned to September 27, 1978, the court marking the matter peremptorily against the People. On September 27, 1978, less than six months from the date defendant was indicted, he appeared with his attorney before the court for argument on the motion. At the conclusion of the argument, defendant made an oral motion to dismiss the indictment and the court granted the motion on the grounds that the People failed to supply the Grand Jury minutes to the court and that the People failed to respond to defendant's notice of motion dated June 20, 1978. In effect, defendant's motion to dismiss was granted in the interests of justice. A motion to dismiss an indictment, under these circumstances, must be made in writing and upon reasonable notice to the People (CPL 210.45, subd 1; *People v Trottie,* 47 AD2d 751; *People v Pichkur,* 52 AD2d 852). It requires a hearing, at which time the court can determine whether there are any compelling factors necessitating a dismissal in the interests of justice and can adequately set forth its reasons therefor on the record (see *People v Trottie, supra).* The procedural requisites of CPL 210.45 must be adhered to and the failure to comply with the statute constitutes reversible error. Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LETO, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered February 22, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNA MALDONADO, Also Known as ANNA VELILLA, Appellant.—Appeal by defendant, as limited by her motion, from so much of a sentence of the Supreme Court, Richmond County, imposed May 4, 1979, upon her conviction of grand larceny in the third degree, upon her plea of guilty, as, in addition to sentencing her to probation for five years and directing that she make restitution in the amount of $5,480, also imposed a fine of $5,000, payable $50 per week. Sentence modified, as a matter of discretion in the interest of justice, by reducing the amount of the installment payments of the fine from $50 per week to $25 per week. As so modified, sentence affirmed insofar as appealed from. Given appellant's financial situation, we find that the payment schedule originally ordered was excessive to the extent indicated. O'Connor, J. P., Lazer, Mangano and Rabin, JJ., concur.