OPINION OF THE COURT
Herbert Shapiro, J.
The plaintiff and the defendant were divorced in Supreme Court, Nassau County, in 1975. The plaintiff exwife instituted an action in this court based upon a subsisting separation agreement claiming that the defendant exhusband was in default with respect to support payments due under the agreement. The defendant complains that items concerning the lawsuit, and indeed concerning this motion, have appeared in the newspapers and now moves to have the file sealed and protected from public scrutiny pursuant to section 235 of the Domestic Relations Law.
At the outset it should be noted that this is not a matrimonial action. It is a contract action to recover amounts allegedly due under a separation agreement. It is no different in kind from any other action on a contract and section 235 of the Domestic Relations Law has no application. That section applies only to matrimonial actions and to proceedings involving the custody, visitation or maintenance of children. The reference in the statute to the "filing” of a written agreement of separation clearly refers only to the filing of such agreement prior to and as the prelude to a subsequent action for divorce.
That such is indeed the case finds support in the history of the section itself. Prior to the enactment of section 10 of chapter 254 of the Laws of 1966, section 235 of the Domestic Relations Law protected only records that were involved in actions for annulment, separation or divorce. By said amendment, section 235 was enlarged to protect, inter alla, filed written agreements of separation. Section 2 of the same chapter 254 amended the Domestic Relations Law so as to permit a divorce to be obtained in a situation where the parties lived apart for two years pursuant to a written separation agreement, conditioned on such separation agreement being filed with the appropriate county clerk. It is thus apparent that the written separation agreement sought to be protected by section 235 was the separation agreement required to be filed as the basis for a subsequent action for divorce. (See 1966 Opns Atty Gen 133.) The separation agree *51 ment here involved was never so filed. In addition, under the rule of statutory construction, "noscitur a sociis”, a phrase takes its meaning and color from the words with which it is associated (McKinney’s Cons Laws of NY, Book 1, Statutes, § 239).
There appears to be a valid reason for "sealing” a separation agreement filed in advance of the commencement of a divorce action. The parties may elect to terminate the agreement and reconcile — a result which the courts encourage. To permit free access to the details of the agreement by third parties at that point with attendant publicity and discussion might well cause the marital problems to be exacerbated to a point where no reconciliation would be possible. However, these considerations would have no application when a separation agreement — post divorce — becomes relevant in other litigation, such as probate proceedings or actions on contract, and, when a copy of the agreement is necessarily a filed paper in that other litigation. In addition, it is to be noted that separation agreements are drawn by the attorneys for both husband and wife and rarely contain derogatory or scandalous information about either of the parties.
Not all litigation between husband and wife, let alone exhusband and exwife, is sealed under section 235. In Mook v Matthews (52 Misc 2d 265), the court refused to seal the file in an action brought by a husband against his wife for a declaratory judgment.
Of course, the court does have inherent power in a proper case to seal its records (Ehrlich v Gerstenhaber, 138 NYS2d 702, affd 285 App Div 1074). But it is a power to be used sparingly. Publicity is often a cleansing agent. It assures, or at least makes more likely, that the litigation will be conducted in a proper manner. Except in extraordinary cases, trials are conducted in public. The freedom of the public to know how the court functions in individual cases, and the freedom of the press to make that knowledge available to the public, merit strong consideration. The court has reviewed the news items which plaintiff feels are so damaging to him professionally and personally. They do no more than state, in a breezy and sprightly manner, the position of the parties in this lawsuit. The reporting would not be substantially different if the defendant were being sued for moneys allegedly due his landlord or his tailor. He is a public figure and his activities are newsworthy. Certainly, in those cases there *52 would be no questions of sealing the court files. It should not be sealed merely because the plaintiff is the defendant’s exwife.
There is a strange aspect to the instant application. While the defendant seeks to have the file protected from scrutiny in accordance with section 235, such is already the case. Such situation came about by reason of the fact that when the index number was obtained by the defendant the nature of the action was set forth as "Matrimonial.” Such designation, coupled with a caption consistent with a matrimonial action, i.e., Gerda Jensen v Harold Jensen, understandably caused the intake clerk in the county clerk’s office to assign a matrimonial series number to the file as a result of which it was automatically treated in accordance with section 235. However, in the light of the decision herein and the conclusion that the file is not a "matrimonial” one, such designation was improper and the county clerk is directed to reassign a regular index number to the file with the understanding that it is not entitled to the protection of section 235.