■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH MAUCERI, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated January 26, 1979, which granted defendant's motion to dismiss the indictment on the ground that the evidence before the Grand Jury was insufficient. Order reversed, on the law, motion denied, indictment reinstated, and case remitted to Criminal Term for further proceedings consistent herewith. Defendant was indicted by the Grand Jury upon testimony of a police officer that defendant had confessed to the crimes charged. Subsequently, the trial court ruled, following a *Huntley* hearing, that the confession was inadmissible since it was obtained in violation of defendant's constitutional rights. No appeal was taken by the People from the order of suppression. Thereafter, upon the defendant's motion, the court ordered the indictment dismissed, finding that the evidence before the Grand Jury, excluding the suppressed confession, to be legally insufficient. In *People v Oakley* (28 NY2d 309) the Court of Appeals held that where a Grand Jury hands down an indictment based upon identification testimony, which was competent prima facie, a subsequent ruling that the identification testimony is inadmissible does not impair the validity of the indictment. Although *Oakley,* by its terms, applies only to identification testimony, we see no reason for applying a different rule where, as here, the evidence suppressed was a confession. In the instant case, the confession was prima facie competent, and the Grand Jury testimony legally sufficient to support the indictment. Accordingly, the motion to dismiss the indictment should have been denied. Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur. [97 Misc 2d 989.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN MOORE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 24, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and new trial ordered. On December 31, 1979 this court reversed the conviction of appellant's codefendant and ordered a new trial *(People v Sellers,* 73 AD2d 697). The District Attorney and appellant have consented to a similar disposition of this appeal. Mollen, P. J., Hopkins, Lazer and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AIDA PINOL, Also Known as IDA PINOL, Appellant.—Judgment of the Supreme Court, Westchester County, rendered March 30, 1979, affirmed. (See *People v Kenyon,* 46 AD2d 409.) Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.