■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOANNE VEGA, Respondent. — Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated February 25, 1980, as dismissed the defendant's indictment on the ground that the evidence before the Grand Jury was insufficient. Order reversed insofar as appealed from, on the law, indictment reinstated and case remitted to Criminal Term for further proceedings consistent herewith. The defendant brought an omnibus motion seeking dismissal of her indictment and suppression of physical evidence and statements. That part of the motion which was to dismiss the indictment was made pursuant to CPL 210.20 (subd 1, par [c]), alleging the Grand Jury presentation was incomplete and therefore defective. Criminal Term, following a hearing, ordered the defendant's statements and physical evidence suppressed, and upon its own motion, reviewed the Grand Jury minutes and dismissed the indictment pursuant to CPL 210.20 (subd 1, par [b]), on the ground of insufficiency of evidence. No appeal is taken by the People from that part of the order which granted the motion to suppress. A motion to dismiss an indictment must be made in writing and upon reasonable notice to the People (CPL 210.45, subd 1; *People v Kovzelove,* 72 AD2d 608; *People v Boynton,* 67 AD2d 982; *People v Pichkur,* 52 AD2d 852). A hearing is required in order for there to be a full development of the issues and an adequate opportunity for the People to contest the specific grounds asserted for dismissal *(People v Clayton,* 41

AD2d 204, 206; *People v Pichkur, supra).* The procedural requirements of CPL 210.45 apply with equal force to a court which is considering the dismissal of an indictment upon its own motion *(People v Boynton, supra; People v Pichkur, supra).* The failure of Criminal Term in the instant case to comply with the statutory mandates requires a reversal. It should be noted that the court, *sua sponte,* dismissed the indictment on grounds which had not been asserted by the defendant *(People v Clayton, supra).* There is an entirely different reason which independently mandates a reversal and reinstatement of the indictment. Criminal Term, upon its own motion, reviewed the Grand Jury minutes in light of its suppression order and concluded the case presented to that body was insufficient absent the defendant's admissions and physical evidence. In *People v Oakley* (28 NY2d 309), the Court of Appeals held that where a Grand Jury hands down an indictment based upon identification testimony which was competent, prima facie, but was subsequently suppressed, this does not invalidate the indictment. In *People v Mauceri* (74 AD2d 833), this court extended the rationale of *Oakley* to apply to admissions. As in *Oakley* and *Mauceri,* in the case at bar the defendant's statements and physical evidence were prima facie competent to support the indictment. Subsequent suppression does not render the evidence insufficient. Accordingly, it was error for Criminal Term, upon its own motion, to dismiss the indictment on the ground of insufficiency of evidence. Mangano, J.P., Cohalan, O'Connor and Weinstein, JJ., concur.