OPINION OF THE COURT
Michael R. Juviler, J.
This is a motion by a business enterprise and its owner (hereafter petitioner) to vacate an order entered ex parte by the Supervising Judge of this court, the Honorable Nicholas Coffinas, sealing an application for a search warrant previously issued by a Judge of this court.
Petitioner contends that this court lacked authority to seal the application for the warrant and that unsealing is required to permit him to challenge the warrant and recover his property. Judge Coffinas has referred the motion to me for determination on the merits of the sealing.
There is no reported case in this State regarding the authority of a court to seal an application for a search warrant, against disclosure to the subject of the search. Nor is the matter treated by statute. Analogies, however, confirm this court’s inherent power to seal these records, and establish that on the facts in this case, sealing is a sound exercise of discretion.
THE FACTS
The facts are not in dispute.
In furtherance of an investigation by a Kings County Grand Jury, the District Attorney submitted to Judges of *441 this court four applications, containing affirmations of Assistant District Attorneys and supporting affidavits, for search warrants directed at four locations, including petitioner’s place of business. The applications recited that evidence of violations of sections 190.65 (scheme to defraud), 155.35 (grand larceny, second degree), and 165.45 (criminal possession of stolen property) of the Penal Law was sought.
The four search warrants were issued, served, executed, and returned on January 9, 1981. Four filing cabinets, some containing business records, were seized at petitioner’s place of business, a retail variety store. Grand Jury subpoenaes for witnesses were issued, returnable early in March.
On January 15, an Assistant District Attorney applied to the Supervising Judge of this court for an order sealing the applications for the four search warrants. She affirmed that the Grand Jury was conducting an investigation of conspiracy, scheme to defraud, grand larceny, and criminal possession of stolen property; that the investigation involved “matters of a sensitive nature”; and that release of the applications “would seriously compromise the investigation and impede the action of the Grand Jury.” The Judge ordered the four applications sealed subject to further order, on the ground that disclosure “will seriously compromise an on-going investigation” by the Grand Jury, and that the Criminal Court “has inherent power” to order the clerk to seal the documents. The District Attorney’s office was directed “to notify this Court when the Grand Jury has completed its investigation” (order dated Jan. 15, 1981).
Petitioner moved for an order unsealing the application for the search warrant for his premises, or at least for redacted copies of the affidavits. During oral argument of the motion, I met in camera with the prosecutor, to receive confidential information on the record in the absence of petitioner’s counsel regarding the need to seal the affidavits.
Originally, the petitioner complained of disruption of his business by retention of the records; later, however, the *442 parties arranged for petitioner to receive copies of all of the records seized.
court’s inherent power to seal an application for a SEARCH WARRANT
The statutes dealing with search warrants have no provision for inspection of the application by the target of the search, before the filing of an accusatory instrument. (See CPL art 690.) The occupant of premises searched is entitled to see the warrant or a copy of the warrant upon request. (CPL 690.50, subd 1.) A receipt for the property taken must be left with the person in possession of the premises. (CPL 690.50, subd 4.) Nothing is said of disclosure of the affidavits in support of the warrant. The only provision applicable to disclosure of the affidavits is a general provision of discovery of “property” after the filing of an “indictment” or “information”, but not during an investigation. (See CPL art 240.)
Petitioner nevertheless contends that the application is a public record, which he is entitled by law to see. In support, he cites only section 4 of the Judiciary Law, which provides that “sittings of every court within this state shall be public, and every citizen may freely attend the[m]”. This provision, however, has been construed to allow courts the inherent power to hold sittings in private, under appropriate circumstances. (Matter of Oneonta Star Div. of Ottaway Newspapers v Mogavero, 77 AD2d 376; Matter of Gannett Co. v De Pasquale, 43 NY2d 370, affd 443 US 368.) Thus, to protect the secrecy of Grand Jury investigations, the Extraordinary Special and Trial Term of the Supreme Court in New York City for corruption cases holds proceedings on motions to quash or enforce Grand Jury subpoenaes in private.
In ar.y event, an application for a search warrant is not a “sitting” of a court. It is an ex parte proceeding, not connected with a criminal action, and often takes place in the Judge’s home or private chambers.
People ex rel. Kenney v Cornell (6 Misc 568) held that the statutory reference to “sittings” of court does not apply to an application to a Magistrate for ah information and a warrant of arrest; that proceeding, said the court, is ex *443 parte and should be kept closed to prevent flight of the accused. (See, also, People ex rel. Livingstone v Wyatt, 113 App Div 111 [a statute provided that depositions in support of an application for an information and warrant were secret, except to the parties; therefore, the taking of the depositions should be in secret].) This case is indistinguishable.
Although there is no specific statutory authority for sealing an application for a search warrant, the Judiciary Law gives every court of record power “to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.” (Judiciary Law, § 2-b, subd 3.) In a proper case, devising an order sealing the application for a search warrant can be reasonably related to carrying into effect the court’s power to order a seizure of evidence of crime.
As the Court of Appeals recently noted, even absent statutory authorization providing “safeguards by which court records may remain confidential, in appropriate cases courts have called upon a power, traditionally labeled inherent, to provide similar relief when the interests of justice so dictate. The power grows out of that measure of discretionary authority courts enjoy with respect to their own records insofar as they pertain to the business of the court and when essential to the proper administration of justice *** Exercised only rarely, this power has variously been wielded *** to seal court records in order to preserve confidentiality in sensitive proceedings”. (Matter of Hynes v Karassik, 47 NY2d 659, 664; see, also, Matter of Richard S. v City of New York, 32 NY2d 592 [Family Court’s records]; Stevenson v News Syndicate Co., 276 App Div 614, affd 302 NY 81 [records of matrimonial actions]; Jensen v Jensen, 103 Misc 2d 49.)
In Federal courts, this principle of inherent power has been applied specifically to support the court’s discretionary authority to seal applications for warrants. (Matter of Sealed Affidavits to Search Warrants, 600 F2d 1256 [search warrant]; Matter of Braughton, 520 F2d 765 [warrant to arrest material witness and obtain handwriting exemplar]; Matter of September 1971 Grand Jury, 454 F2d 580, 583 *444 [search warrant]; Matter of Search Warrant for Second Floor Bedroom [DRI, 1980]; Matter of Sealed Affidavits to Search Warrants, 471 F Supp 325.)
In short, there is overwhelming authority indicating that in an appropriate case this court has the discretion to seal an application for a search warrant. How should this discretion be exercised here?
EXERCISE OF DISCRETION DURING A GRAND JURY INVESTIGATION
An important consideration affecting my discretion in this case is the pendency of a Grand Jury investigation relating to the property seized. There is a strong public policy in favor of secrecy of Grand Jury investigations. (See GPL 190.40, subd 1; Levine v United States, 362 US 610; People v Di Napoli, 27 NY2d 229.) Among the reasons for secrecy, several of which are applicable here, are prevention of flight, of destruction of evidence, and of tampering with witnesses; encouraging information by insuring the confidentiality of evidence from prospective witnesses; protecting the innocent; and protecting the Grand Jury from interference. (See People v Di Napoli, supra.) In furtherance of this public policy, for example, a court that issued an eavesdropping order may postpone the statutorily required notice to the subject of a wiretap, during an investigation. (United States v Manfredi, 488 F2d 588, 601-602.) The “informer’s privilege” serves similar interests. And to preserve confidentiality, a court may interview an informant in camera upon a motion for disclosure of his identity.
I have examined the affirmations and affidavits submitted in the application for the search warrant, which are now under seal. (This in camera inspection is suggested by the Federal cases on the subject, cited above.) I find that there is no way to redact this material; it is comprehensive and inseverable. Moreover, the contents are extremely sensitive, and plainly related to and inseparable from the Grand Jury’s investigation. Unsealing would be a palpable threat to the investigation.
The serious breaches in the security of the investigation resulting from premature disclosure now would be gratui *445 tons, for there is no way cognizable at law for petitioner to use the affidavits while the Grand Jury is investigating. Petitioner’s expressed purposes is to find a basis for challenging the warrant and recovering his property. He correctly points out that in challenging a search warrant, the challenging party may attack the application on its face — by urging, for example, lack of probable cause — and inquire into the truthfulness of the affidavits. (See People v Alfinito, 16 NY2d 181.) Without access to the application, these challenges are impossible.
Nevertheless, there is no proper use now for the affidavits. There is no procedure for challenging a warrant during the Grand Jury’s inquiry, before an accusatory instrument is filed. Only a “defendant”, that is, “a person who has been charged by an accusatory instrument with the commission of an offense”, may move for suppression of seized evidence and return of the property. (CPL 710.20; 710.10, subd 1; 710.40.) Under the former Code of Criminal Procedure, by contrast, a “person aggrieved” by a search, whether a defendant or not, could bring such a challenge. The new CPL was intentionally drafted to limit the motion to a “defendant”. (See Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.10, 710.20, 710.40.) One of the reasons was to protect Grand Jury investigations against disruptive collateral challenges.
Petitioner concedes that he is not eligible to bring a motion to suppress in a criminal court, but suggests that he needs the affidavits for some type of replevin action in a civil court. At this time, however, no civil action is available to petitioner in this State. He seeks return of his property not to use in running his business, for he is already receiving copies of all of the records seized. His purpose, and certainly the effect of his challenge, would be to prevent use of the documents in evidence before the Grand Jury. There is no claim that the records are not needed by the Grand Jury. There is no basis now for alleging undue delay, in this wide-reaching, complex, well-planned investigation of an alleged criminal conspiracy. Nor does petitioner claim that this court exceeded its jurisdiction in issuing the search warrant; there was jurisdiction. (See CPL 690.05.) Under these circumstances, the *446 Court of Appeals has made clear, a CPLR article 78 proceeding to recover business records during a Grand Jury investigation does not lie. (Matter of B.T. Prods. v Barr, 44 NY2d 226.)
Nor is replevin an appropriate remedy; that also .would cause an “unjustified and unacceptable interference with a pending or potential criminal prosecution.” (Matter of B. T. Prods. v Barr, supra, p 233, n 2.)
To avoid such disruption, it has been established that an indictment returned by a Grand Jury may not be challenged on the ground that the Grand Jury received illegally obtained evidence. (See United States v Calandra, 414 US 338, 344-345 [seized property]; People v Oakley, 28 NY2d 309 [identification]; People v Mauceri, 74 AD2d 833 [physical evidence and statements]; People v Vega, 80 AD2d 867 [physical evidence and statements].)
Petitioner suggests that the affidavits might be usable in an unspecified action in a Federal court for recovery of the business records, presumably an action to enforce petitioner’s Fourth Amendment rights. But a person claiming to be aggrieved by a search conducted in connection with a Grand Jury investigation has no Fourth Amendment right to challenge the search while the investigation is in progress. (United States v Calandra, supra.)
In Calandra, the Supreme Court of the United States reversed on this ground an order of the District Court suppressing books and records seized pursuant to a search warrant for presentation to a Grand Jury. The court held that Federal Rule of Criminal Procedure 41(e), which authorizes a “person aggrieved” by an illegal search to move to suppress and recover his property, does not apply to Grand Jury proceedings. Allowing such motions, said the court, “would halt the orderly progress of an investigation” (supra, p 349); the court found sufficient protection of Fourth Amendment rights available after indictment. In keeping with this ruling, the remedy of rule 41(e) is available before indictment only in cases of clear abuse and irreparable harm, situations absent here. (See Matter of Grand Jury Proceedings, 466 F Supp 863; cf. Matter of Gay *447 Cottons v Hogan, 55 Misc 2d 126 [civil remedy available to recover subpoenaed business records held for two years without presentation to Grand Jury].)
Paradoxically, a subject of a Grand Jury subpoena duces tecum may move to quash it and thereby gain judicial review of the government’s demand for evidence (see Matter of Heisler v Hynes, 42 NY2d 250, 254), but the target of a search warrant may not challenge the warrant while the evidence is being considered by a Grand Jury. The distinction is justified. In the latter instance, cause for obtaining the evidence has been found, albeit ex parte, by a “neutral and detached magistrate” instead of “by the officer engaged in the often competitive enterprise of ferreting out crime.” (Cf. Johnson v United States, 333 US 10, 14.) For this reason, a search warrant is to be favored, and is presumed valid. See, also, People v McGrath (46 NY2d 12, 26-27) and Federal cases cited (witness before Grand Jury has no right to challenge during the investigation a court order for wiretapping which provided the basis for his questioning).
None of the Federal cases in which courts in their discretion have ordered unsealing of applications for warrants precludes the exercise of discretion to seal here. In Matter of Search Warrant for Second Floor Bedroom (DRI, 1980, supra), disclosure was sought by a newspaper, the target of the search being a high elected official, for public information, not to deprive the Grand Jury of evidence; and the court found no threat to secrecy. In Matter of Sealed Affidavits to Search Warrants (471 F Supp 325, supra), the unsealing was ordered seven months after the search, and a local newspaper had printed verbatim excerpts from the affidavits on a daily basis for several weeks. In Matter of September 1971 Grand Jury (454 F2d 580, supra), the court found “manifest unfairness” in precluding a prisoner from access to the application for the warrant for his arrest; the court distinguished a search warrant situation.
The motion to unseal the application for Search Warrant No. L-18/81 is denied, and the order of January 15, 1981, sealing the application is continued in effect.