OPINION OF THE COURT
Joseph Cohen, J.
Motion by defendant for an inspection of the Grand Jury minutes and dismissal of the indictment, being oral and not on notice to the People, is denied in all respects.
For over a year, following the 1980 amendment of CPL 210.30, the District Attorney of Bronx County had consented to such motions being oral and without notice. Upon such consents thousands of sets of Grand Jury minutes have been examined and many indictments have been dismissed, some finally and some with leave to re-present (and some of these have not been re-presented).
Now, however, the District Attorney will not consent to such oral motions except in cases where the defendant consents to the use of the “voluntary” method of obtaining discovery and particulars, waiving the right to make certain motions and to submit certain subpoenas which the District Attorney feels are unnecessary and duplicative of the “voluntary” materials supplied.
However obstructionist the present reversal of the District Attorney’s position may seem he is nevertheless correct legally in refusing to consent to such oral motions.
*409 CPL 210.30 (former subd 2) dealing with motions to dismiss indictments on the ground of insufficiency of Grand Jury evidence and to inspect Grand Jury minutes contained a specific provision that: “Such motion must be in writing and the moving papers must allege that there is. reasonable cause to believe that the grand jury evidence was not legally sufficient”.
Section 1 of chapter 842 of the Laws of 1980 omitted the above-quoted provision and various defense counsel have argued that therefore oral motions are now permitted. A reading of all of the related sections, however, leads to the conclusion that the purpose of the amendment was to shift the burden on the motion to the People to prevent inspection and that the omission of the “in writing” provision was merely the elimination of surplusage. In his 1980 Supplementary Practice Commentary to CPL 210.30, Professor Bellacosa states: “So, the mechanics are — a simple and sterile pro forma motion to inspect which should be in writing and on appropriate notice despite the deletions in subdivision 2 * * * Upon examination of the minutes the court will have to consider the second branch of the motion, i.e., to dismiss, which always has to be in writing” (McKinney’s Cons Laws of NY, Book 11 A, CPL 210.30, 1981-1982 Supp Pamph, p 219; emphasis added.)
The court must point out that the motion under CPL 210.30 is one of the enumerated motions in CPL 210.20 (subd 1, par [b]) and is therefore governed by the provisions of CPL 210.45 (subd 1): “A motion to dismiss an indictment pursuant to section 210.20 must be made in writing and upon reasonable notice to the people.” (Emphasis added.)
That CPL 210.45 governs the procedure on a motion to dismiss an indictment for legal insufficiency was decided before the amendment to CPL 210.30 (People v Kovzelove, 72 AD2d 608) but still remains the law since CPL 210.45 has not been amended.
Furthermore, CPL 255.20 (subd 2) applicable to all pretrial motions requires that: “All pre-trial motions * * * shall be included within the same set of motion papers”. (Emphasis added.)
*410 Defendant must therefore move in writing in his omnibus motion for the relief denied herein.