■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK BLASE, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered April 3, 1984, convicting him of conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed, and matter remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

Appellant and three codefendants were charged with conspiracy in the fourth degree, predicated upon allegations that the conspirators planned to purchase and resell cocaine for profit. The indictment alleged that the following overt acts were committed in furtherance of the conspiracy:

"1. On or about April 20, 1982, in a telephone conversation, the defendant JOSEPH MISTRULLI told another person that, 'I don't want him [a potential purchaser] to take it and put a wack on it and hand it back to us.'

"2. On or about April 20, 1982, in a telephone conversation, JOSEPH MISTRULLI told the defendant PETER GORMAN, 'There's, there's these people, you know, like to play eight ball, you know,' thereby indicating to GORMAN that 'these people' wanted to purchase an eighth of an ounce of cocaine.

"3. On or about April 23, 1982 in a telephone conversation with another person, after that other person asked him '* * * ya think we, I can get an eighth,' the defendant JOSEPH MISTRULLI answered 'Yeah sure.' and 'Yeah, got the cash?'

"4. On or about May 1, 1982, the defendant THOMAS MANULI told the defendant JOSEPH MISTRULLI that he had a quantity of cocaine 'ready to go,' but could not give it to MISTRULLI, 'cause I promised it to this guy.'

"5. On or about May 5, 1982, the defendant FREDERICK BLASE, called the defendant THOMAS MANULI from a pay phone at Vincents Restaurant to determine if a package containing cocaine was ready to be picked up.

"6. On or about July 7, 1982, in a telephone conversation between the defendants THOMAS MANULI and PETER GORMAN, GORMAN told MANULI that, '* * * I just wanted to find out how much he had * * * I didn't want to ask on the phone.' "

By order dated April 26, 1983, the trial court suppressed physical evidence of certain of these telephone conversations obtained through an eavesdropping warrant for the People's failure to timely seal the recordings.

Appellant thereafter pleaded guilty to one count of fourth degree conspiracy in satisfaction of the subject indictment and another indictment. We affirm appellant's conviction.

On appeal, appellant challenges the sufficiency of the indictment. We have determined that his claims lack merit. Although the evidence of the recorded conversations, obtained pursuant to a lawful eavesdropping warrant, was subsequently suppressed, it was competent evidence before the Grand Jury (see, People v Oakley, 28 NY2d 309; People v Brewster, 63 NY2d 419; People v Mauceri, 74 AD2d 833; People v Vega, 80 AD2d 867). Thus, the pleaded acts emanating from the suppressed recordings may be considered in determining the sufficiency of the indictment. The six pleaded telephone conversations at issue are acts independent of the agreement to possess and sell cocaine and tend to show that the conspiracy is at work. The conversations clearly show that the conspirators had already formulated their plan. Acts one through three demonstrate that a coconspirator was actively soliciting buyers. Acts four through six establish the conspirators' efforts to obtain the implements of the crime. When examined in context, these conversations reveal specific, affirmative overt acts, independent of and in furtherance of the conspiracy, and, therefore, are sufficient to sustain the indictment (see, United States v Strickland, 493 F2d 182, cert dismissed 419 US 801; People v Menache, 98 AD2d 335; People v Kellerman, 102 AD2d 629, 631; cf. People v Russo, 57 AD2d 578).

Appellant also claims, for the first time on appeal, that the Organized Crime Task Force (OCTF) did not plead nor prove

that it had jurisdiction to prosecute this matter pursuant to Executive Law § 70-a. The Grand Jury minutes, as well as another indictment which was covered by appellant's guilty plea, indicate that events relating to the instant matter occurred in Bronx County, Rockland County, and New Jersey. Additionally, the OCTF received the requisite approvals from the Governor and the Rockland County District Attorney. Accordingly, the jurisdictional requirements of Executive Law § 70-a have been met (see, People v Rallo, 39 NY2d 217). Further, there is no statutory requirement that compliance with this section of the Executive Law must be pleaded in the indictment. Therefore, appellant's claim is without merit. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.