■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. KERSCH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered January 15, 1986, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review the question of whether the trial court erred in refusing to charge the jury on the defense of justification as it applied to the offenses of manslaughter in the second degree and criminally negligent homicide. Defense counsel neither requested the repetition of the justification charge as to those offenses nor excepted to its absence *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). Similarly, by failing to interpose an objection to closure of the courtroom during the court's charge to the jury, the defendant waived that objection *(see, People v Boyd,* 64 AD2d 668).

The trial court properly declined to review the Grand Jury minutes following suppression of the defendant's oral statement to the police. The statement was "evidence competent prima facie, rendered inadmissible only by extrinsic, subsequent proof. Evidence of the latter kind stands sufficient until nullified" *(see, People v Oakley,* 28 NY2d 309, 312). The subsequent suppression of the statement does not invalidate the conclusion of the Grand Jury *(see, People v Mauceri,* 74 AD2d 833).

The evidence adduced before the court at the *Cardona* hearing properly supported its determination that the defendant's girlfriend had not been acting as an agent of the government when speaking to him. That branch of the defendant's omnibus motion which was to suppress admissions made by him to her at the jail was, therefore, correctly denied.

Upon the exercise of our factual review power, we are satisfied that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, we decline to exercise our discretion to modify the

sentence imposed *(see, People v Farrar,* 52 NY2d 302, 305; *People v Suitte,* 90 AD2d 80, 86-87). Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.