■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WEINSTEIN, Appellant.

Nine months after the defendant's arraignment, the People moved to serve notice of their intent to introduce at trial inculpatory statements made by the defendant to a police detective. The only explanation proffered by the People for the delay was that it resulted from an oversight on the part of the prosecutor previously assigned to the case. The court granted the People's motion and, following a *Huntley* hearing, ruled that the statements were admissible. Having failed to establish good cause for their noncompliance with the 15-day notice requirement of CPL 170.30, the People should not have been permitted to serve a late notice. Accordingly, it was error to admit the statements as evidence at trial *(see, People v O'Doherty,* 70 NY2d 479; *People v Briggs,* 38 NY2d 319).

We reject the People's assertion that the defendant made an unsuccessful suppression motion directed at the statements which rendered them admissible notwithstanding the late notice *(see,* CPL 710.30 [3]). The record reveals that the defendant opposed the People's motion to allow late service, objected to the admission of the statements and never requested a *Huntley* hearing *(see, People v O'Doherty, supra; cf., People v Whitaker,* 106 AD2d 594; *People v Brown,* 92 AD2d 939). Furthermore, we do not find the error in this case to be harmless.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.