■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered June 2, 1987, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, the prosecu-

tion sustained its burden of demonstrating that, after being apprised of the consequences of his failure to appear for trial, the defendant knowingly, voluntarily and intelligently waived his right to be present at trial. Similarly, the Supreme Court did not improvidently exercise its discretion in determining, after a hearing, that the defendant should be tried in absentia (see, People v Sanchez, 65 NY2d 436; cf., People v Parker, 57 NY2d 136).

Equally unavailing is the defendant's claim that he was not afforded proper notice, pursuant to CPL 710.30, of a statement he made to police which was elicited by the prosecution at trial. The record reveals that the version of the statement set forth in the prosecution's CPL 710.30 notice served on the defendant and the version testified to at trial did not differ in any appreciable respect. Accordingly, the notice contained the sum and substance of the challenged statement and adequately provided the defendant with an opportunity to contest its voluntariness (see, People v Bennett, 56 NY2d 837; People v Wilson, 144 AD2d 980). We further note in this regard that while the defendant objected to the version of the statement testified to at trial, he failed to challenge its voluntariness or articulate any specific manner in which it was prejudicial to his defense.

Finally, we conclude that the Supreme Court properly denied the defendant's request for a missing witness charge with respect to his codefendant. There is simply no evidence in the record to demonstrate that the codefendant was in the prosecution's " 'control' " (People v Gonzalez, 68 NY2d 424, 429). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.