■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CYNTHIA MCINTOSH, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Dutchess County (Hillery, J.), entered July 12, 1988, as, upon granting that branch of the defendant's omnibus motion which was to preclude the People from offering into evidence an inculpatory statement made by her on the ground of the People's failure to provide notice pursuant to CPL 710.30, *sua*

*sponte,* dismissed Dutchess County indictment No. 23/88, charging her with grand larceny in the second degree, misuse of food stamps, and deliberate concealment of a material fact to obtain public assistance, on the ground of insufficient evidence.

Ordered that the order is reversed insofar as appealed from, on the law, the indictment is reinstated, and the matter is remitted to the County Court, Dutchess County, for further proceedings.

The record reveals that, after the County Court reviewed the Grand Jury minutes and found the indictment to be based on legally sufficient evidence, it granted the defendant's motion to preclude the use of her inculpatory statement at trial due to the prosecution's failure to provide timely notice under CPL 710.30 of its intent to offer the statement into evidence at the trial. The court then, *sua sponte,* reassessed the evidence before the Grand Jury without considering the excluded statement and, finding the evidence to be legally insufficient, dismissed the indictment pursuant to CPL 210.20 (1) (b). This was error. The defendant's statement was prima facie competent and the indictment was supported by legally sufficient evidence presented to the Grand Jury. The court's subsequent exclusion of the statement for purposes of the trial does not render that evidence insufficient or otherwise invalidate the indictment *(see, People v Oakley,* 28 NY2d 309; *People v Kersch,* 135 AD2d 570; *People v Blase,* 112 AD2d 943; *People v Vega,* 80 AD2d 867; *People v Mauceri,* 74 AD2d 833). Moreover, the court failed to follow the proper procedure in dismissing the indictment *sua sponte (see, People v Sullivan,* 142 AD2d 695; *People v Jack,* 117 AD2d 753; *People v Vega, supra).* Accordingly, the indictment must be reinstated.

We do not consider the defendant's alternative contention that dismissal of the indictment pursuant to CPL 210.20 (1) (h) is warranted since it was not advanced before the County Court. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.