■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JACK E. SIAN, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Dutchess County (Hillery, J.), entered October 21, 1988, as (1) granted the defendant's motion to preclude the People from offering into evidence an inculpatory statement made by him on the ground of the People's failure to provide notice pursuant to CPL 710.30, and (2) granted that branch of the defendant's omnibus motion which was to dismiss Dutchess County indictment No. 86/88, charging him with burglary in the second degree, on the ground of legally insufficient evidence.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendant's omnibus motion which was to dismiss indictment No. 86/88 on the ground of legally insufficient evidence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, the indictment is reinstated, and the matter is remitted to the County Court, Dutchess County, for further proceedings consistent herewith.

Contrary to the People's contention, the defendant's motion to preclude his inculpatory statement was properly granted. While the defendant received a timely *Huntley* notice which provided that the prosecution would offer a statement taken from him on the date of his arrest, the People concede that a copy of another, unrelated confession taken from the defendant on the same date was appended thereto. Only after the 15-day period for giving notice *(see,* CPL 710.30 [2]) had expired, was the defendant served with a copy of the statement pertaining to the indictment in this case. Inasmuch as the wrong inculpatory statement was attached to the *Huntley* notice, and that notice did not otherwise convey the sum and substance of the statement which the prosecution intended to use in this case *(see, People v Miller,* 154 AD2d 717; *People v*

*Brooks,* 121 AD2d 392), the People failed to comply with the requirements of CPL 710.30. Moreover, while the correct statement was eventually served upon the defendant, the People failed to demonstrate the existence of "good cause" (CPL 710.30 [2]) for the untimely service, as their proffered explanation amounted to nothing more than office failure *(see, People v O'Doherty,* 70 NY2d 479; *People v Spruill,* 47 NY2d 869; *People v Briggs,* 38 NY2d 319; *People v Balkum,* 149 AD2d 976; *People v Weinstein,* 140 AD2d 731).

Insofar as the People contend that notice of the statement pursuant to CPL 710.30 was unnecessary because the defendant moved to suppress the statement at issue notwithstanding the lack of written notice *(see,* CPL 710.30 [3]; *People v White,* 73 NY2d 468, *cert denied* — US —, 110 S Ct 170; *People v Nardo,* 153 AD2d 972), we note that the record fails to support this claim and instead demonstrates that the defendant sought preclusion of the statement under the statute *(see, People v Bernier,* 73 NY2d 1006; *People v Amparo,* 73 NY2d 728).

However, the People are correct in contending that the dismissal of the indictment was improper, inasmuch as the evidence before the Grand Jury was prima facie competent and the subsequent preclusion of the defendant's statement did not render the indictment invalid *(see, People v Oakley,* 28 NY2d 309; *People v Kersch,* 135 AD2d 570; *People v Blase,* 112 AD2d 943; *People v Vega,* 80 AD2d 867; *People v Mauceri,* 74 AD2d 833). Accordingly, the indictment is reinstated and the matter is remitted to the County Court for further proceedings *(see, People v McIntosh,* 167 AD2d 429 [decided herewith]), including resolution of the remaining branches of the defendant's omnibus motion. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.