OPINION OF THE COURT
Beverly S. Cohen, J.
In an action alleging, inter alla, negligence and breach of confidentiality by a bank towards its customer, the motion by defendant Citibank, N. A. (Citibank), to dismiss the complaint pursuant to CPLR 3211 (a) (7) is granted.
FACTS
In March 1988, plaintiff opened an equity source loan account (the Account) with Citibank. Under the terms of the Account, $140,000 was made available to the plaintiff through a line of credit against which he could write checks. Plaintiff alleges that in spring 1988, he entered into negotiations with a party known as Richard Gilman for the sale of certain real property located in Los Angeles County, California (the property), and that, ultimately, an instrument was executed (the Purchase Agreement) pursuant to which plaintiff was to purchase the property for $1,150,000.
Plaintiff claims that in furtherance of his obligations under the Purchase Agreement, he gave a check to Mr. Gilman in the amount of $100,000 which was payable from the Account. Subsequently, the check was transferred to Mercantile Bank’s escrow officer, Marge Klugman, who, it appears, was acting as Mr. Gilman’s agent.
Ms. Klugman’s affidavit, which is part of plaintiff’s supporting papers, states that on April 20, 1988, she received verbal instructions from someone whom she cannot recall, to inquire of Citibank whether the $100,000 check “was good”. She further states that on that same date, she telephoned Citibank in New York, spoke to a person who identified herself as “Laura Epts,” and was informed that "this check is not good at this time.” Ms. Klugman admits she made no further inquiry of Ms. Epts. Plaintiff alleges that based upon the erroneous information received from Citibank, Mr. Gilman *1014 repudiated the Purchase Agreement. Plaintiff seeks to recover damages from the loss of the property which is allegedly now worth over $3.9 million.
CONCLUSIONS OF LAW
Plaintiff seeks relief under four theories; namely, (1) negligence or gross negligence, alleging that Citibank breached its duty "to properly and carefully handle inquiries as to the availability of funds through (the Account) and to report accurately the status of that account”; (2) negligent misrepresentation based upon Ms. Epts’ purported erroneous representation of the availability of funds in plaintiff’s account; (3) breach of an implied contractual covenant between plaintiff and Citibank to "competently and with due care handle (plaintiff’s) account, including inquiries concerning same”; and, (4) breach of confidentiality. In addition to compensatory damages, plaintiff seeks punitive damages and attorney’s fees and costs.
"A defendant may be held liable [in] negligence only when it breaches a duty owed to the plaintiff (Pulka v Edelman, 40 NY2d 781, 782)” (Strauss v Belle Realty Co., 65 NY2d 399, 402). In addition, plaintiff must show that the breach proximately caused the injury (McMorrow v Trimper, 149 AD2d 971, affd 74 NY2d 830). Plaintiff claims Citibank breached its duty of confidentiality and its duty to competently and carefully handle plaintiff’s account, and that this breach caused plaintiff to lose his real estate deal.
Several Federal courts have suggested that there may exist a duty in New York that a bank keep a customer’s banking transactions confidential (see, e.g., Young v United States Dept. of Justice, 882 F2d 633 [2d Cir 1989], cert denied 493 US 1072 [1990]; Ferer & Sons v Chase Manhattan Bank, 731 F2d 112, 123 [2d Cir 1984]; Sharma v Skaarup Ship Mgt. Corp., 699 F Supp 440 [SD NY 1988]). Courts have also found that although the relationship between a bank and its depositor is that of debtor and creditor, a bank is also subject to the rules of agency in discharging its obligation to a depositor (Peterson v Idaho First Natl. Bank, 83 Idaho 578, 367 P2d 284; Crawford v West Side Bank, 100 NY 50). New York courts have not definitively recognized a cause of action based upon a breach of confidence theory in the context of bank-customer relationships, although the court, in Graney Dev. Corp. v Taksen (92 Misc 2d 764, affd 66 AD2d 1008), did acknowledge that deposi *1015 tors have an expectation that banks will keep their banking activities confidential. (See also, Young v United States Dept. of Justice, supra, at 642.) However, as to the relationship between a bank and a borrower, the court clearly held that the relationship was solely that of creditor and debtor, and thus, there was no basis for imposing a duty of confidentiality on the bank.
Plaintiff argues that he was not a borrower since he had not yet borrowed any money from Citibank because no check was submitted to Citibank which Citibank was obligated to fund. This argument is unavailing. It is undisputed that plaintiff had a line of credit upon which he could draw, based upon the approval of his application for an Equity Source Loan account. The "Cooperative Loan Commitment” addressed to the plaintiff from Citibank advised plaintiff that his "application for a loan has been approved”. The loan was evidenced by a note and a security agreement pledging to Citibank all the cooperative shares allocated to plaintiff’s cooperative apartment. Finally, plaintiff’s signature on the "Cooperative Loan Commitment” letter appears under the heading of "Borrower”. It is immaterial whether plaintiff actually drew upon the line of credit. He was, in fact, a "borrower,” albeit without present indebtedness.
Therefore, here, the bank was not merely acting as an agent with respect to plaintiff’s funds deposited with it, but was providing a service by agreeing to advance the bank’s own money based upon the plaintiff’s credit.
Thus, the "reasonable expectation” of confidentiality does not apply to the parties herein. Based upon the foregoing, the court finds that Citibank did not breach a duty of confidentiality to plaintiff.
Nor did Citibank breach an implied covenant of competent handling and due care. Plaintiff premises this cause of action upon his claim that Citibank, acting as an agent for plaintiff, undertook a duty to act with a reasonable level of competence and due care with respect to plaintiff’s account. Based upon this court’s prior determination that the relationship between the parties was one of debtor and creditor, the information allegedly given by a Citibank employee regarding plaintiff’s loan account was not given in Citibank’s capacity as plaintiff’s agent, but in Citibank’s capacity as a party to the loan agreement (see, Graney v Dev. Corp. v Taksen, supra, at 720).
Moreover, "[a]n agency is a fiduciary relationship which *1016 results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act (Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455)” (Meese v Miller, 79 AD2d 237, 241). In certain circumstances, courts have applied agency principles to a bank; e.g., where a bank pays a forged or materially altered check (Crawford v West Side Bank, 100 NY 50, supra), or where the relationship is one between the bank and its depositor (Peterson v Idaho First Natl. Bank, supra; Graney Dev. Corp. v Taksen, supra). There is no authority in New York which supports plaintiff’s argument that banks act as agents for customers who are borrowers, such as plaintiff.
While the representation was not made to or relied upon by him, plaintiff also seeks to recover under a theory of negligent misrepresentation. "A cause of action based upon negligent misrepresentation requires not only carelessness in imparting words upon which others rely to their damage, but also that such information be 'expressed directly, with knowledge or notice that it will be acted upon, to one whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all’ (White v Guarente, 43 NY2d 356, 363).” (Chase Manhattan Bank v Edwards, 87 AD2d 935, 936, affd 59 NY2d 817.) Therefore, to recover, the author must be bound by some relation or duty to act with care if the author acts at all (White v Guarente, supra).
Inasmuch as this court has determined that the bank was not under a duty of confidentiality nor was there an implied covenant of competent handling and due care to plaintiff as borrower, there was no duty arising out of the relationship between the parties which would give rise to a cause of action for negligent misrepresentation. Moreover, as stated, no duty arose under agency law since banks are not agents for their borrowers.
Finally, although strict privity is not required between the party giving the representation and the party receiving the information, in order to recover for economic loss, the resulting relationship should be one "approaching] that of privity, if not completely one with it” (Ultramares Corp. v Touche, 255 NY 170, 183). In Credit Alliance Corp. v Andersen & Co. (65 NY2d 536, 551), the court, in analyzing an accountant’s liability in negligence to parties with whom there is no contractual relationship and who rely to their detriment on erroneous reports, stated that the following elements must be satisfied, *1017 to wit: (1) An awareness by. the accountants that the reports were to be used for a particular purpose; (2) reliance by a known party in furtherance of the particular purpose; and, "(3) there must have been some conduct on the part of the accountants linking them to that party or parties which evinces the accountants’ understanding of that party’s or parties’ reliance”.
Citibank had no relationship with, or duty, contractual or otherwise, to the caller to whom the information on the Account was given. There are no allegations that the bank’s employee knew that the statements allegedly made by her regarding plaintiffs account would be issued to and relied upon by Mr. Gilman for a particular purpose. Moreover, plaintiff fails to allege that the objective of the bank’s employee was to shape the conduct of the party to whom the alleged misrepresentation was given (Ossining Union Free School Dist. v Anderson La Rocca Anderson, 73 NY2d 417). Based upon the facts, the court concludes that plaintiff has failed to allege the necessary elements of negligent misrepresentation.
Accordingly, defendant’s motion to dismiss the complaint is granted in its entirety. Both parties’ respective requests for sanctions are denied.