[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1294

 THEODORE F. NUBY, SR.,

 Plaintiff, Appellant,

 v.

 SOUTH BOSTON SAVINGS BANK,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Richard G. Stearns, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 Theodore F. Nuby, Sr. on brief pro se.
 James E. Harvey, Jr., John F. Brosnan, and O'Malley and Harveyon brief for appellee.

September 23, 1998

 Per Curiam. Appellant Theodore Nuby appeals from the
district court's judgment dismissing his action pursuant to 28
U.S.C. 1915(e). Appellee South Boston Savings Bank, however,
argues that appellant's May 13, 1997 notice of appeal was filed
too late to bring up for review the judgment of dismissal which
was entered on the docket on January 6, 1997. See Fed. R. App.
P. 4(a)(1) (where the United States or an agency or officer
thereof is not a party, a litigant has 30 days within which to
file a notice of appeal). We disagree and reach the merits of
the dismissal. See Fiore v. Washington County Community Mental
Health Ctr., 960 F.2d 229 (1st Cir. 1992)(en banc).
 This action lacked an arguable legal basis and so we
affirm. Simply, the Right to Financial Privacy Act does not
apply to appellant's situation because it pertains only to
federal agencies. See 12 U.S.C. 3401(3) (defining the kind
of "government authority" subject to the Act's requirements as
limited to "any agency or department of the United States, or
any officer, employee, or agent thereof") (emphasis added). 
Thus, requests for bank records by state agencies are not
covered by the Act. See In re Grand Jury Applications, 536
N.Y.S.2d 939, 943 (N.Y. Sup. Ct. 1988) (the Act does not
restrict access to bank records by state authorities); Nicholsv. Council on Judicial Complaints, 615 P.2d 280, 283 (Okla.
1980) (only federal agencies are restricted by the requirements
of the Act). As a result, appellant has no cause of action
against the South Boston Savings Bank (or, for that matter, the
Massachusetts Department of Welfare) under the Act.
 The district court's judgment of dismissal is
affirmed.