USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1294

 THEODORE F. NUBY, SR.,

 Plaintiff, Appellant,

 v.

 SOUTH BOSTON SAVINGS BANK,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Richard G. Stearns, U.S. District Judge]

 Before
 
 Selya, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 

 Theodore F. Nuby, Sr. on brief pro se.
 James E. Harvey, Jr., John F. Brosnan, and O'Malley and Harveyon brief for appellee.

September 23, 1998

 
 

 Per Curiam. Appellant Theodore Nuby appeals from the
 district court's judgment dismissing his action pursuant to 28
 U.S.C. 1915(e). Appellee South Boston Savings Bank, however,
 argues that appellant's May 13, 1997 notice of appeal was filed
 too late to bring up for review the judgment of dismissal which
 was entered on the docket on January 6, 1997. See Fed. R. App.
 P. 4(a)(1) (where the United States or an agency or officer
 thereof is not a party, a litigant has 30 days within which to
 file a notice of appeal). We disagree and reach the merits of
 the dismissal. See Fiore v. Washington County Community Mental
 Health Ctr., 960 F.2d 229 (1st Cir. 1992)(en banc).
 This action lacked an arguable legal basis and so we
 affirm. Simply, the Right to Financial Privacy Act does not
 apply to appellant's situation because it pertains only to
 federal agencies. See 12 U.S.C. 3401(3) (defining the kind
 of "government authority" subject to the Act's requirements as
 limited to "any agency or department of the United States, or
 any officer, employee, or agent thereof") (emphasis added). 
 Thus, requests for bank records by state agencies are not
 covered by the Act. See In re Grand Jury Applications, 536
 N.Y.S.2d 939, 943 (N.Y. Sup. Ct. 1988) (the Act does not
 restrict access to bank records by state authorities); Nicholsv. Council on Judicial Complaints, 615 P.2d 280, 283 (Okla.
 1980) (only federal agencies are restricted by the requirements
 of the Act). As a result, appellant has no cause of action
 against the South Boston Savings Bank (or, for that matter, the
 Massachusetts Department of Welfare) under the Act.
 The district court's judgment of dismissal is
 affirmed.