■ LCR TECHNOLOGIES INC. et al., Appellants, v HSBC BANK USA, N.A., Respondent, et al., Defendants. [831 NYS2d 233]—

In an action, inter alia, to recover damages for breach of an implied duty of confidentiality, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), entered October 31, 2005, as granted the motion of the defendant HSBC Bank USA, N.A., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

While some courts have suggested that there may exist a duty in New York that a bank keep a customer's banking transactions confidential (*see Young v United States Dept. of Justice*, 882 F2d 633, 643-644 [1989], *cert denied* 493 US 1072 [1990]; *Aaron Ferer & Sons Ltd. v Chase Manhattan Bank, N.A.*, 731 F2d 112, 123 [1984]; *Sharma v Skaarup Ship Mgt. Corp.*, 699 F Supp 440, 449-450 [1988], *affd* 916 F2d 820 [1990], *cert denied* 499 US 907 [1991]; *Boccardo v Citibank*, 152 Misc 2d 1012, 1014-1015 [1991]; *Graney Dev. Corp. v Taksen*, 92 Misc 2d 764, 766-769 [1978], *affd* 66 AD2d 1008 [1978]), a bank's compliance with a judicially authorized subpoena immunizes it from liability for any required disclosures (*see Young v United States Dept. of Justice, supra* at 644; *Matter of Grand Jury Applications*, 142 Misc 2d 241, 248 [1988]; *Graney Dev. Corp. v Taksen, supra* at 767-768; *see also Suburban Trust Co. v Waller*, 44 Md App 335, 344, 408 A2d 758, 764 [1979]). Consequently, the defendant HSBC Bank USA, N.A., did not breach any duty of confidentiality to the plaintiffs when it disclosed the plaintiffs' bank records in response to a judicially authorized subpoena.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.