■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA, Also Known as ORLANDO RIVERA, Also Known as ORLANDO RODRIGUEZ, Appellant.—Judgment of the Supreme Court, New York County (John C. Leonforte, J.), rendered March 25, 1983, convicting defendant, after a trial by jury, of one count of attempted murder in the second degree, two counts of robbery in the first degree, one count of robbery in the second degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to three concurrent terms of 12½ to 25 years for the attempted murder and for each first degree robbery count and two concurrent terms of 7½ to 15 years for the second degree robbery count and one of the second degree criminal possession of a weapon counts and a consecutive term of 7½ to 15 years for the other second degree weapons possession count, is unanimously affirmed.

Seventeen-year-old Thomas Selby offered to sell a Polaroid camera to defendant, whom he knew from the area. After defendant asked to see the camera and handed it to a companion, he pulled out a revolver and pointed it at Selby. When Selby took refuge behind a parked car, defendant fired a shot at him and then ran off with his companion. After reporting the robbery to the police, Selby again saw defendant in the neighborhood about one-half hour after the first confrontation. When defendant in turn saw Selby, he chased him, with the same gun in his hand, for about two blocks, firing two more shots at him. About 13 hours later, in response to a call, police were sent to apprehend defendant, and observed him emerging from a rear window onto the fire escape of the building

they had staked out. After identifying himself, an officer told defendant not to move and to drop the gun he was holding. Defendant, instead, pointed the gun at the officer before withdrawing back into the apartment, where he was arrested.

Defendant claims that the fifth count of the indictment was duplicitous since it covered two separate times at which he actually possessed a revolver with intent to use it unlawfully against Selby. In addition, defendant asserts the court "cured" the alleged defect in its charge to the jury that count five pertained to the "claimed possession of a weapon at the time of the alleged robbery" and count six pertained to "the alleged possession of a weapon at or about the time of defendant's arrest". He also contends this constituted an illegal amendment of the indictment. Defendant further claims that the second degree attempted murder count was duplicitous because an attempt to murder Selby was made at two distinct times and, also, that all three counts were not specific enough.

Initially, we note that defendant never moved to dismiss the indictment on the grounds advanced here and thus, these issues have not been preserved for review as a matter of law (People v Iannone, 45 NY2d 589, 600). Furthermore, defendant did not object to the court's alleged amendment of the indictment so that this issue has likewise not been preserved (see, People v Montgomery, 124 AD2d 602).

In any event, the indictment herein was sufficient with the factual allegations giving defendant ample notice of the charges. Moreover, there is no merit to defendant's duplicitous challenge to the first weapons possession count involving Selby. Criminal possession of a weapon in the second degree can be a continuing offense which supports a single count in an indictment (see, People v Okafore, 72 NY2d 81, 87). The possession by defendant of the gun during the period of time from the first shot fired at Selby until the later chase and firing of two shots at the victim was properly considered a continuing offense. The court's limiting of the jury's deliberations on the first possession count (the fifth count of the indictment) to possession at the time of the robbery was, therefore, not necessary, but permissible in the exercise of its discretion.

Likewise, the attempted murder count was not duplicitous since it charged the commission of only one crime, i.e., the intent to cause the death of Selby by shooting at him. Moreover, defendant failed to seek further specification either before or during the trial (see, CPL 200.50 [7] [a]; People v Grega, 72 NY2d 489, 498).

While defendant asserts that there was a reasonable doubt, as a matter of law, regarding the crime of attempted murder in the second degree, defendant not only fired a shot at Selby after the completion of the robbery, but subsequently pursued Selby for some blocks firing two more shots at him. The jury, therefore, was entitled to infer, from these repeated acts of violence, defendant's intent to kill Selby.

Finally, we find the sentences imposed upon defendant to be both proper and fair. A consecutive sentence for the sixth count, charging defendant with criminal possession of a weapon when he pointed the revolver at the police, was legal. While defendant's possession of the weapon was continuous from the time of the robbery of Selby until his arrest, there was proof of two criminal intents constituting two discrete events, i.e., the use of the revolver in the murder attempt on Selby and its use some 13 hours later in an attempt to escape arrest. Thus, the court was warranted in imposing a consecutive term. Moreover, the imposition of maximum terms was justified by the nature of defendant's instant acts and his criminal record. Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.