■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HOLDER, Appellant. [595 NYS2d 80] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered August 16, 1991, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends, *inter alia,* that the People failed to prove his guilt of attempted murder beyond a reasonable doubt because there was insufficient evidence to establish that he intended to kill the complainant, a housing police officer. However, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In this regard, we note that the complaining officer unequivocally testified that while he was engaged in a struggle to disarm the defendant, the defendant pointed his gun to the officer's head and pulled the trigger. Although the officer heard a "click" when the trigger was pulled, the gun did not discharge.

We further reject the defendant's contention that the officer's testimony was unworthy of belief because some of the police reports prepared after the incident failed to mention the attempted shooting. The Unusual Incident Report, prepared on the day of the arrest, corroborated the officer's testimony. Furthermore, the fact that there was no firing pin mark on the cartridge recovered from the chamber of the defendant's gun is consistent with the testimony of the two ballistics experts, who explained that something could have gotten under the hammer of the gun and prevented it from striking the firing pin. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be given great weight, and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Bracken, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.