OPINION OF THE COURT
Robert Charles Kohm, J.
Defendant is charged with criminal sale of a controlled *37 substance in the third degree and criminal possession of a controlled substance in the third degree. She now, in an omnibus motion, seeks the following relief:
A. dismissal of the indictment upon the ground that it is defective within the meaning of CPL 210.25;
B. dismissal of the indictment on the ground that the Grand Jury proceeding was defective within the meaning of CPL 210.35;
C. inspection of the Grand Jury minutes and dismissal of the indictment;
D. release of the Grand Jury minutes to defense counsel;
E. compliance with defendant’s bill of particulars and demand for discovery;
F. disclosure pursuant to CPL 240.40 (1) (c);
G. suppression of physical evidence;
H. suppression of identification evidence;
I. disclosure of prior criminal convictions, vicious or immoral acts, and an order prohibiting cross-examination of defendant concerning same;
J. preservation of the right to file further motions; and
K. disclosure of Rosario material.
The application is determined as follows:
Branch A of the motion is denied. The indictment substantially conforms to the requirements stated in CPL article 200. It is sufficiently specific and provides defendant with fair notice of the charges against her (People v Morris, 61 NY2d 290; People v Iannone, 45 NY2d 589).
Branches B through D of the motion are granted to the extent that the court has inspected the Grand Jury minutes. Upon examination, the court finds that sufficient evidence was presented to the Grand Jury to sustain the indictment. The court has inspected the instructions given by the District Attorney to the Grand Jury and finds that they are sufficient pursuant to People v Calbud, Inc. (49 NY2d 389). Furthermore, release of the Grand Jury minutes to defense counsel is not appropriate as the court does not require such release to assist it in making a determination on the motion (CPL 210.30 [3]; see, Matter of Larry W., 55 NY2d 244, 250). Accordingly, that part of the motion seeking release of the Grand Jury minutes to defense counsel and dismissal of the indictment is denied in all respects. To the extent that defendant has challenged the police laboratory report submitted to the *38 Grand Jury, the issue will be discussed more extensively later in this decision.
Branches E, F and K are granted to the extent supplied by the People in their response. The People are reminded of their continuing obligations under Brady v Maryland (373 US 83) and People v Rosario (9 NY2d 286).
Branch G of the motion is granted to the extent that a Mapp/Dunaway hearing shall be held at a date to be set by the court.
Branch H of the motion is denied in that the identification of defendant was confirmatory in nature. The identification was by an undercover officer and occurred at a time and place sufficiently connected with and contemporaneous to the arrest as to constitute completion of an integral part of police procedure, thereby assuring reliability. Consequently, a hearing to determine admissibility of the identification evidence is not warranted (see, People v Wharton, 74 NY2d 921).
Branch I is granted to the extent that a Sandoval hearing shall be held immediately prior to trial. Pursuant to CPL 240.43, the District Attorney will, prior to the hearing, disclose to the defense any criminal, vicious or immoral act, not reflected in the defendant’s NYSID sheet, which the People intend to use in cross-examination of the defendant should she testify at trial.
Branch J of the motion is granted to the extent permitted pursuant to CPL 255.20.
THE POLICE NARCOTIC LABORATORY REPORT
Defendant alleges that the evidence before the Grand Jury was legally insufficient pursuant to the Court of Appeals decisions in Matter of Wesley M. (83 NY2d 898) and Matter of Rodney J. (83 NY2d 503). Specifically, defendant argues that there is no proof that the police laboratory report which identified the substance allegedly seized from defendant as cocaine is signed by the person who actually tested the substance and, therefore, the report is unacceptable hearsay. As such, it is insufficient to connect defendant to an illegal drug.
The issue in both Rodney J. and Wesley M. (supra) was the facial sufficiency of such petitions. Because both juvenile delinquency petitions and criminal court informations serve as the sole instrument upon which the accused is prosecuted or adjudicated, a "much more demanding standard” is required of them (People v Alejandro, 70 NY2d 133, 139; see, Matter of *39 Jahron S., 79 NY2d 632; Matter of Detrece H., 78 NY2d 107). By statute, both juvenile delinquency petitions and criminal court informations require that nonhearsay allegations establish every element of the crime (Family Ct Act § 311.2 [3]; CPL 100.40 [1] [c]). The purpose of the statutory requirements is to assure that there is a sound basis for the accused to be subjected to a trial, especially "where there is no independent Grand Jury-like body to review the evidence” (Matter of Edward B., 80 NY2d 458, 464).
It is well-settled law that the primary function of the Grand Jury system in New York State "is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution” (People v Calbud, Inc., supra, at 394).
The role of the Grand Jury is defined in CPL article 190. In People v Pelchat (62 NY2d 97, 105) the Court of Appeals held the Grand Jury "remains the exclusive judge of the facts with respect to any matter before it (CPL 190.25, subd 5) and it may indict for an offense only if the evidence spells out a legally sufficient case and reasonable grounds to believe that defendant committed the offense charged.” In Pelchat (supra, at 104-105), the Court of Appeals further held that the Grand Jury, "[u]nhampered by technical legal rules of procedure and evidence and divorced from the control of the government,” assesses the sufficiency of the prosecutor’s case and either indicts or not.
A Grand Jury may indict a person when "(a) the evidence before it is legally sufficient to establish that such person committed such offense * * * and (b) competent and admissible evidence before it provides reasonable cause to believe such person committed such offense” (CPL 190.65 [1]). "Legally sufficient evidence” is defined in CPL 70.10 (1) as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof.”
For purposes of Grand Jury proceedings, "competent evidence” is evidence admissible pursuant to CPL 190.30.
There is no statutory restriction that evidence excluded at trial under common law may not be received in the Grand Jury proceedings, if the exclusion at trial does not apply to the Grand Jury. For example, in People v Brewster (100 AD2d 134, affd on other grounds 63 NY2d 419), a witness testified before the Grand Jury that she had identified defendant *40 without disclosing that it was a photo identification procedure. Subsequently, a motion to suppress identification was granted and the trial court thereafter dismissed the indictment ruling that the indictment was based on "incompetent evidence.” The Appellate Division, Second Department, reversed and reinstated the indictment based on the restrictions of CPL 60.30. The Court of Appeals affirmed on different grounds, citing People v Oakley (28 NY2d 309, 312). Oakley held that the purpose of an indictment was to bring a defendant to trial upon a prima facie case that would warrant conviction if unexplained, and the "identification testimony before the Grand Jury satisfied that purpose.”
Following the decisions in Brewster and Oakley (supra), in People v Sian (167 AD2d 435) the Second Department held that a statement precluded at trial which was admitted into evidence at the Grand Jury and was prima facie competent, did not render the indictment invalid.
Based on the foregoing, appellate courts will not dismiss an indictment and retroactively determine that what was once prima facie competent evidence before the Grand Jury is now incompetent because of constitutional or statutory violations.
CPL 190.30 (1) states that "[e]xcept as otherwise provided in this section, the provisions of article sixty, governing rules of evidence and related matters with respect to criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings.” CPL 190.30 (2) "provides otherwise” by supplying a specific exception to hearsay rules. It states, in relevant part, that "[a] report or a copy of a report made by a public servant or by a person employed by a public servant * * * who is a * * * chemist * * * concerning the results of an examination, comparison or test performed by him in connection with a case which is the subject of a grand jury proceeding, may, when certified by such person as a report made by him or as a true copy thereof, be received in such grand jury proceeding as evidence of the facts stated therein.”
CPL 190.30 (2) was enacted to save the time of persons, such as police chemists, whose reports at this stage of the proceedings would speak for themselves.
The certification in the instant laboratory reports 93NO30188Q and 93NO30189Q both state: "certification — I hereby certify that the foregoing report is a true and full copy of the original report made by me. False statements made herein are punishable as a Class 'A’ misdemeanor pursuant to *41 section 210.45 of the Penal Law” (emphasis added). Each report has the name of the chemist printed or typed, followed by that chemist’s signature.
Clearly, the laboratory report at issue here is different from those in Wesley M. and Rodney J. (supra) and serves a different purpose. Each laboratory report presented to the Grand Jury in this case clearly contained the signature of a person who certified that the report was "a true and full copy of the original report made by me” thus conforming to CPL 190.30 (2).
The addition of the words "made by me” has been held to sufficiently distinguish the report containing them from the reports at issue in Wesley M. and Rodney J. (supra) as to sustain a prima facie case of narcotics possession when appended to a juvenile delinquency petition (Matter of Deshone C., 207AD2d 756, 758 [1st Dept 1994]). The First Department further held that the Penal Law § 210.45 form notice " 'together with the subscription of the deponent constitute a verification of the instrument.’ ” (Supra, at 758.)
In People v Sullivan (56 NY2d 378, 384) an application for a search warrant was based on a supporting statement not executed under formal oath with the warning that any false statements would be punishable as a class "A” misdemeanor pursuant to Penal Law § 210.45 which the Court held is an "adequate procedural safeguard against the rendition of perjury.” The Court of Appeals further held that although "less formal * * * than the more traditional methods of verification, a statement containing such a warning is, practically as well as theoretically, no different than a statement under oath” and can be relied on by a magistrate when determining probable cause to issue a warrant which may constitutionally only be issued upon proof "supported by oath or affirmation.”
It is clear from the foregoing that the sufficiency of a Family Court juvenile delinquency petition and a criminal court information, which require nonhearsay allegations to establish every element of the crime (Family Ct Act § 311.2 [3]; CPL 100.40 [1] [c]), are legally sufficient where the laboratory report contains a verification that the report was "made by me” (Matter of Wesley M., 83 NY2d 898, supra; Matter of Rodney J., 83 NY2d 503, supra; Matter of Deshone C., supra). This exception to the use of hearsay evidence is acceptable so long as the laboratory report conforms to the holdings in Wesley M., Rodney J. and Deshone C.
*42 Based on the foregoing, although the laboratory reports in this case do comply with the standard set forth by the Court of Appeals in the cited cases, this court holds that the laboratory reports fall within the hearsay exception of CPL 190.30 (2), which is the appropriate standard for evidence presented at the Grand Jury, and thus the indictment is supported by legally sufficient evidence.
Assuming, arguendo, that the preparer of the report did not personally analyze the substance at issue, the report would be competent evidence for Grand Jury purposes. As stated above, CPL 190.30 (1) provides that general evidentiary rules are applicable to Grand Jury proceedings "where appropriate.” Appropriateness should be determined in light of the special functions of a Grand Jury, the possibility of prejudice to the defendant, the availability of postindictment forums for challenging the evidence (People v Thomas, 160 Misc 2d 39) and the burdens on police and court resources (see, People v Brewster, 100 AD2d 134, supra). A police chemist is unlikely to prepare a report based on the analysis of a stranger or to have no personal knowledge of the test and the person conducting it. There is a sufficient presumption of regularity attached to the report to admit it as competent evidence for the purpose of an indictment (see, People v Sullivan, supra).
The defendant’s omnibus motion is denied in all other respects.