OPINION OF THE COURT
Charles A. LaTorella, Jr., J.
The defendant David Dixon was indicted for attempted murder in the first degree (a class A felony) and other crimes. The defendant filed an omnibus motion requesting, inter alia, dismissal of the charge of attempted murder in the first degree. This court previously rendered a decision, finding that sufficient legal evidence was adduced to sustain the indictment.
*613 The defendant was granted leave to reargue. Defendant claims on reargument that his conduct does not warrant a charge of attempted murder because, according to the defendant’s counsel, he "merely” pointed a gun at the officer and did not attempt to fire it.
To the contrary, the defendant’s assaultive behavior and his statement of intent, as discussed below, as well as the totality of the circumstances, supports a finding that there is a reasonable suspicion that the crime charged has been committed, and that the defendant committed said crime. The court therefore reaffirms its previous decision, and upholds the indictment of attempted murder in the first degree.

The Grand Jury Evidence

The evidence presented before the Grand Jury shows the following:
On February 17, 1995, at 10:45 p.m., three uniformed police officers approached a group of men in the vicinity of 97th Place and Christie Avenue in Queens County, near Lefrak City. Upon approaching, two of the men turned and fled, leaving the defendant. Two officers pursued the fleeing men. The third police officer (Anthony Nikolic) observed a bulge at the waist of the defendant David Dixon, which the officer believed to be a gun. The police officer asked the defendant what he had in his waistband. The defendant did not respond. The police officer attempted to pat the defendant down to ascertain what was in the defendant’s waistband. In order to pat the defendant down, the officer placed the defendant against a nearby fence and attempted to keep the defendant’s hands fixed on top of the fence. The defendant made four or five attempts to lower his hands to his waist. The police officer did manage to grab one of the defendant’s hands and feel the defendant’s waist where he felt the butt of a handgun.
As the officer placed his hand on the defendant’s waist, the defendant turned around and struck the officer in the face with a closed fist. The defendant continued striking the officer’s face and body, and also began kicking him. The officer stated that as they continued struggling "he [the defendant] got one hand free and he took the gun out of his waist and pointed at my midsection. At this point I was lucky to knock the gun out of his hand and we fell to the floor and continued to struggle.” (Transcript, Feb. 23, 1995, at 6, 11, 2-6.) The two other officers returned and assisted their colleague in handcuffing the defendant. Immediately after being handcuffed, the de *614 fendant told Officer Nikolic, "I will get you next time and I’ll be quicker next time.” (Transcript, Feb. 23, 1995, at 6, 11, 24-25.)

Conclusions of Law

The purpose of the Grand Jury " 'is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution’ ” (see, People v Young, 163 Misc 2d 36, 39; People v Calbud, Inc., 49 NY2d 389 [1980]). In New York, the Grand Jury remains "the exclusive judge of the facts with respect to any matter before it” (CPL 190.25 [5]) and may indict for an offense only if the evidence spells out a legally sufficient case and reasonable grounds to believe that the defendant committed the offense charged (People v Pelchat, 62 NY2d 97 [1984]). In order for the Grand Jury to indict a person there must be: "(a) Legally sufficient [evidence] to establish that such person committed such offense * * * and (b) competent and admissible evidence [which] provides reasonable cause to believe that such person committed such offense.” (CPL 190.65.) "Competent evidence” is evidence admissible pursuant to CPL 190.30.
The evidence sufficient to support an indictment need not rise to the level of preponderance of the evidence, or proof beyond a reasonable doubt (People v Steiner, 77 AD2d 13 [1980]).
A Grand Jury may indict only if the evidence before it is legally sufficient to establish that the accused committed the offense charged and also provides reasonable cause to believe the accused committed the offense (CPL 190.65; People v Mikuszewski, 73 NY2d 407 [1989]).
Defense counsel asserts that the "mere” pointing of a gun cannot sustain a charge of attempted murder. The defendant argues that this court is required as a matter of precedent to dismiss the attempted murder count of the indictment, according to People v Richardson (97 AD2d 693 [1983]); People v Rivera (157 AD2d 540 [1990]); and Brown v State (64 Md App 324, 494 A2d 999 [1985]). We will examine those cases seriatim.
Notwithstanding the fact that this court, as a Second Department court, is not bound by a First Department case, there are significant differences between Richardson (supra), and the instant case. In Richardson, the defendant stood eight feet from the complainant (whom he had known for several years), shot the pistol in the air once, and then pointed the gun at the complainant, accompanied by á verbal threat. The complainant was then permitted to leave the area unharmed. The *615 incident had occurred in an atmosphere characterized by "horseplay” where the defendant was surrounded by his friends who were laughing at the incident. The Court held this conduct to be insufficient to support a charge of reckless endangerment in the first degree. In that case, the defendant can truly be said to have "only” pointed the gun at the complainant.
The defense is also mistaken in its reliance on People v Rivera (supra), as that decision does not address the issue of the "mere” pointing of a gun. There is no dispute that the facts of Rivera certainly demonstrate attempted murder: the defendant repeatedly fired his gun at the victim at a distance of only several feet.
The defense further argues that the Maryland Court of Appeals has held, in an attempted murder case, that the charge cannot be upheld when the record reveals the defendant never attempted to discharge his weapon, citing Brown v State (64 Md App 324, 494 A2d 999 [1985], supra). Again, the defense argues, the "mere” pointing of a weapon is not enough to sustain the indictment. But the Brown case has no stare decisis value in this instant case. Moreover, the defense failed to analyze the Maryland statute. The requirements for attempted murder in Maryland (called "assault with intent to murder”) may be very different from those in New York.
The facts in the instant case demonstrate that the defendant’s actions are clearly distinguished from those of Richardson, Rivera and Brown (supra) and support an indictment of the defendant for attempted murder in the first degree. The Grand Jury testimony clearly demonstrates that the defendant David Dixon was engaged in assaultive behavior against a New York City police officer; that the defendant drew his gun and pointed it at the officer; and that this assaultive behavior occurred immediately prior to a res gestae statement of murderous intent.
The following facts in the case at bar are decisive in upholding this indictment: (a) the police officer stopped the defendant and put him up against the fence to search him after observing a bulge in the defendant’s waistband which the officer believed to be a gun; (b) the defendant repeatedly put his hands down in an attempt to reach his waistband, and as the police officer reached for the defendant’s waist, the defendant turned around and punched the officer in the face; (c) the defendant continued to engage in assaultive behavior by repeatedly punching and kicking the police officer; (d) the defendant, while engaging in *616 this assaultive behavior, managed to pull a loaded 9 millimeter Huger semiautomatic pistol from his waistband; (e) the defendant then held the gun in such a manner that it could have discharged, and pointed it at the officer’s midsection while standing only an arm’s length distance away; (f) the officer described himself as "lucky” to knock the gun out of the defendant’s hands while the defendant continued to struggle with him; (g) upon being restrained with the aid of additional officers, the defendant allegedly stated to Officer Nikolic, "Next time I will get you and it will be quicker next time.” (Transcript, Feb. 23, 1995, at 6, 11, 24-25.)*
The forgoing constitutes sufficient evidence from which the Grand Jury could infer that the defendant planned to and did in fact carry " 'the project forward within dangerous proximity to the criminal end to be attained.’ ” (People v Bracey, 41 NY2d 296, 300 [1977].) In a case where the defendant was convicted of attempted murder even though the weapon he held to a housing officer’s head failed to discharge when he pulled the trigger, the defendant’s conviction was based on the jury’s belief beyond a reasonable doubt that the defendant’s behavior constituted attempted murder. (People v Holder, 191 AD2d 585 [1993].) That is a higher standard of proof that the People must establish than in the instant case. The standard of proof in a Grand Jury proceeding is "sufficient evidence and reasonable grounds to believe the defendant committed the offense charged.” (People v Pelchat, supra, 62 NY2d, at 105.) The prosecution has met this burden. The Grand Jury could legitimately have inferred that it was only the action of the police officers that stopped this defendant from pulling the trigger.
The defendant’s motion to dismiss the charge of attempted murder in the first degree is denied.

 This statement is part of the "res gestae” and clearly evinces the defendant’s intent to shoot the police officer. Pending a decision on the admissibility of this statement, it continues to be a part of the Grand Jury minutes and must be considered as part of the record at this point for the purposes of this motion to dismiss. (People v Brewster, 100 AD2d 134 [1984], affd on other grounds 63 NY2d 419 [1984]; People v Sian, 167 AD2d 435 [1990].) The defendant’s statement was made "so closely connected to [the] occurrence of the event in both time and substance as to be a part of the happening.” (Black’s Law Dictionary 1173 [5th ed].)