OPINION OF THE COURT
Thomas K. Keefe, J.
The defendant was charged on December 10, 2007 with one count of petit larceny, a class A misdemeanor, in violation of Penal Law § 155.25. By notice of motion filed on May 19, 2008, the defendant through his attorney Mary M. Rhodes, Esq. moves for omnibus relief. The People have responded through the affirmation in opposition of Jasper Mills, III, Esq. filed on June 2, 2008. The matter now comes before the court for a decision.
Motion to Dismiss
The defendant moves, pursuant to CPL 170.30, to dismiss the information charging him with petit larceny on the ground that the accusatory instrument is facially insufficient. Specifically, the defendant alleges that the language and tense used in the factual portion of the instrument calls into question whether CPL 100.40 (1) (c) has been complied with. The People oppose the motion arguing, first, that defendant has not established that the factual allegations in the instrument are hearsay and, second, that even if they are hearsay, the victim/complainant’s act of signing the information (with appropriate verification pursuant to CPL 100.30 [1] [d]) constitutes an adoption of the language therein and transforms the factual allegations into nonhearsay.
While no party has raised the issue, the court notes that the accusatory instrument has not been denominated. “Responsibility to confer upon the Criminal Court jurisdiction to try misdemeanor cases rests squarely upon the shoulders of the[People]” (People v Colon, 110 Misc 2d 917, 920 [Crim Ct, NY County 1981], revd 112 Misc 2d 790 [1982], revd 59 NY2d 921 [1983]). However, because the People have failed to denominate the accusatory instrument at issue, the court must first determine whether the instrument is a misdemeanor complaint or an information.[1] This initial determination is essential as each accusatory instrument defines the scope of this court’s jurisdic *680 tion over the defendant. Furthermore, different legal standards govern the legal sufficiency of a misdemeanor complaint and an information (see CPL 100.40). Inasmuch as the People refer to the accusatory instrument as an information and argue that the instrument contains the nonhearsay allegations of the complainant, for purposes of this motion, the court will deem the accusatory instrument an information. Therefore, the court will review the sufficiency of the accusatory instrument under the legal standards of an information.
The Court of Appeals in People v Alejandro (70 NY2d 133, 136-137 [1987]) reiterated that CPL 100.40 (1) provides the following three conditions for establishing the facial sufficiency of an information. First, the entire information must substantially conform to the requirements prescribed in section 100.15 (see People v Alejandro at 136; CPL 100.40 [1] [a]). Second, the factual portion of an information must provide reasonable cause to believe that the defendant committed the offense (People v Alejandro at 137; CPL 100.40 [1] [b]). Finally, the factual portion of an information and/or any supporting depositions filed therewith must be supported by nonhearsay allegations of fact which, if true, establish every element of the offense charged (see People v Alejandro at 137; CPL 100.40 [1] [c]).
As is relevant here, Penal Law § 155.25 provides that “[a] person is guilty of petit larceny when he steals property.” The instrument in question is signed and verified by the victim/ complainant and purports to be upon direct knowledge. However, the factual portion of this instrument inexplicably states: “ON SUNDAY OCTOBER 21ST, 2007 AT 1:00PM WHILE IFO 17 BENSON STREET, THE COMPLAINANT STATES THAT THE DEFENDANT (DANIEL WILLIAMS) DID INTENTIONALLY STEAL A PIONEER CAR STEREO AND ACCESSORIES FROM NY REG EAR4913, A 1989 PONTIAC FIREBIRD COLOR RED, THEN FLED EAST ON BENSON STREET.” (Emphasis added.) No supporting deposition was filed in this case.
First, it is beyond refute that a phrase such as “the complainant states that” is a textbook precursor to a hearsay statement (see People v Juan Davis, Albany City Ct, Feb. 21, 2008, No. 07-182724 [finding the phrase “the victim states that” to “signifiy) that the information contained in the accusatory instrument is, *681 in fact, hearsay”]). Indeed, the factual portion of the accusatory instrument appears to have been drafted by law enforcement. Putting aside the usage of the phrase “the complainant states that,” the usage of “IFO” is an acronym seen regularly in this court which is used by law enforcement in their reports to mean “in front of.” It is clear that this document was drafted by law enforcement, based upon information purported to be from the victim/complainant. Accordingly, the court rejects the People’s contention that the aforementioned statements are not hearsay.
The court also finds no basis in the People’s unsupported argument that the mere verified signature of a victim/ complainant transforms hearsay statements into nonhearsay statements. The People’s argument ignores the fact that the CPL mandates both verification and the separate and distinct requirement of nonhearsay allegations of fact for facial sufficiency purposes. Specifically, CPL 100.40 provides:
“An information, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” (Emphasis added.)
CPL 100.15 (1), in turn, provides:
“An information, a misdemeanor complaint and a felony complaint must each specify the name of the court with which it is filed and the title of the action, and must be subscribed and verified by a person known as the ‘complainant.’ The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged. Each instrument must contain an accusatory part and a factual part. The complainant’s verification of the instrument is deemed to apply only to the factual part thereof and not to the accusatory part” (emphasis added; see *682 also CPL 100.30).
Notably, CPL 100.15 (3) explicitly states, in relevant part, that
“[n]othing contained in this section, however, limits or affects the requirement, prescribed in [CPL 100.40], that in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.”
Moreover, that the subscription and verification are separate and distinct from the nonhearsay requirement is evident from the fact that both misdemeanor complaints (which may contain hearsay) and informations (which must consist of nonhearsay) must be subscribed and verified {see CPL 100.15 [1]).
Additionally, the purpose underlying verification is distinct from the purpose underlying the requirement of nonhearsay facts.
“A verification attesting to the truth of the contents of a document on penalty of perjury is of the same effect as a testimonial oath, which at once alerts a witness to the moral duty to testify truthfully and establishes a legal basis for a perjury prosecution. This verification procedure is intended to assure a measure of reliability regarding the contents of the petition” (Matter of Neftalí D., 85 NY2d 631, 635-636 [1995] [citations omitted]; see People v Parks, 41 NY2d 36, 45 [1976]; Matter of Brown v Ristich, 36 NY2d 183, 189 [1975]).[2]
Specifically, the purpose of verification under CPL 100.30 (1) (d) — which is the form notice utilized on accusatory instruments in this court — informs the complainant that he or she will be subject to the penalties of perjury for false swearing (see People v Harvin, 126 Misc 2d 775, 777 [Crim Ct, Bronx County 1984], citing People ex rel. Livingston v Wyatt, 186 NY 383 [1906]; see also People v Phillipe, 142 Misc 2d 574, 584-585 [Crim Ct, Kings County 1989] [examining in depth the purpose of a verification]). In contrast, the purpose underlying the need for nonhearsay statements of fact “is to assure that there is a sound basis for the accused to be subjected to a trial, especially *683 ‘where there is no independent Grand Jury-like body to review the evidence’ ” (People v Young, 163 Misc 2d 36, 39 [Sup Ct, Queens County 1994], quoting Matter of Edward B., 80 NY2d 458 [1992]; see People v Monero, 184 Misc 2d 764, 765 [Crim Ct, NY County 2000] [the purpose of the nonhearsay requirement “is to prevent the . . . bringing [of] baseless prosecutions”]). Putting the above requirements in context, it is therefore clear that facial sufficiency of an information requires the verification of nonhearsay allegations of fact and not only verification (see Matter of Neftali D. at 635).
The People have failed to provide any legal authority — nor has this court independently found any authority — to support the People’s proposition that satisfaction of one statutory requirement for facial sufficiency obviates the need to satisfy all of the statutory requirements for facial sufficiency. In fact, to accept the People’s argument would eviscerate the purpose of a corroborating supporting deposition (see CPL 100.40 [1] [b], [c]). To be sure, a primary function of a supporting deposition is to provide the necessary nonhearsay factual allegations to convert a misdemeanor complaint to an information. Typically, a supporting deposition is necessary where, for instance,
“the complainant of a misdemeanor complaint is a police officer with no direct knowledge of the circumstances of the offense but to whom the circumstances of the offense were conveyed by a private citizen with direct knowledge of those circumstances, the private citizen’s non-hearsay factual allegations could be set forth in a supporting deposition. Or, a lab report establishing that the substance seized from the defendant was a controlled substance, or a ballistics report establishing that the gun seized from the defendant was operable, could be filed in the form of a supporting deposition” (Marks, Dean, Dwyer, Girese and Yates, New York Pretrial Criminal Procedure § 3:4 [7 West’s NY Prac Series 2007]).
It would therefore appear that, here, a corroborating supporting deposition, setting forth the requisite nonhearsay allegations of fact, could have avoided the inconsistences on the face of the instrument. As indicated above, however, no supporting deposition was filed in this case and the People have not moved to amend.
Finally, it must be made clear that this court does not stress form over function, or base its decision upon picayune and hy *684 pertechnical distinctions. Rather, it is the policy considerations that underlie sufficiency analysis in this context that clearly support the court’s conclusion. The Court of Appeals has stressed, on numerous occasions, the import of facial sufficiency requirements. Specifically, in Matter of Neftali D. (at 634) the Court noted that the “sufficiency requirements set forth in Family Court Act § 311.2 [which are identical to the sufficiency requirements in CPL 100.40] are not simply technical pleading requirements but are designed to ensure substantive due process protection.”[3] Moreover, as this court has often noted, the purpose of requiring that a prima facie case be alleged in an information is premised on the unique function that an information has as a prosecuting instrument. Unlike a felony prosecution, where the filing of the felony complaint is followed by either grand jury presentment or a preliminary hearing, once the People file an information, they are not required to present any actual evidence demonstrating a prima facie case prior to trial. Consequently, the statutory requirements for facial sufficiency of an information are more exacting (see People v Alejandro at 138).
Facial sufficiency, by definition, limits the court’s analysis to the four corners of the accusatory instrument (see People v Thomas, 4 NY3d 143, 146 [2005]; People v Barona, 19 Misc 3d 1122[A], 2008 NY Slip Op 50814[U] [Crim Ct, NY County 2008]; see also People v Alejandro at 138). To be sure, the Court of Appeals has instructed that where “it cannot be determined upon the face of the information whether the pleading is in compliance with CPL 100.40 (1) (c) [the nonhearsay requirement], the information is subject to a motion to dismiss” (People v Casey, 95 NY2d 354, 361 [2000]).
The court’s adherence to this rule of construction was demonstrated in Matter of Rodney J. (83 NY2d 503 [1994]). In that case, the Court of Appeals reviewed the sufficiency of a bal *685 listics report filed with a juvenile delinquency petition charging criminal possession of a weapon in the second degree. The Court dismissed the petition because the language utilized in the report failed to make it clear that the police officer deponent had in fact tested the gun’s operability. This was so, even in light of the Court’s acknowledgment that it was likely that the police officer, who had signed the report, had, in fact, personally tested the gun’s operability. The sole ground for dismissal was the fact that the nonhearsay nature of the ballistics report was not clear from the face of the report. The lack of clarity on the face of the instant instrument is much more pronounced than that which the Court in Matter of Rodney J. found insufficient. While the text “upon direct knowledge” appears in the caption of the information, such assertion is in direct contravention of the patently hearsay allegations contained in the “to wit” portion of the instrument. Accordingly, the court finds the instrument facially insufficient and grants the defendant’s motion to dismiss.
Other Motions
The court’s dismissal of the above information renders the defendant’s remaining motions moot.

. The instrument at issue has three preprinted designations: “Information,” “Misdemeanor Complaint” and/or “Felony Complaint,” with no refer *680 ence as to the People’s denomination. However, the accusatory instrument also states: “By this information Charles J. Stella, the complainant.”

. “By statute, both juvenile delinquency petitions and criminal court in-formations require that nonhearsay allegations establish every element of the crime (Family Ct Act § 311.2 [3]; CPL 100.40 [1] [c])” (People v Young, 163 Misc 2d 36, 39 [Sup Ct, Queens County 1994]).

. Section 311.2 of the Family Court Act provides:
“A petition, or a count thereof, is sufficient on its face when:
“1. it substantially conforms to the requirements prescribed in section 311.1; and
“2. the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged; and
“3. non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission thereof.”