OPINION OF THE COURT
Matthew A. Sciarrino, Jr., J.
This court holds that based on the recent Court of Appeals decision of People v Kalin (12 NY3d 225 [2009]) the People provided sufficient sworn allegations of fact that the defendant offered to sell counterfeit DVDs.
The defendant moves to dismiss the accusatory instrument on the ground that he has been denied his statutory right to a speedy trial (CPL 30.30 [1]). The People oppose the motion. This court makes the following findings of fact and conclusions of law:
Facts
The accusatory instrument contains sworn allegations of a police officer that on June 6, 2008, at about 1745 hours, the defendant was inside a Boston Market restaurant in Staten Island, New York, and offered to sell counterfeit DVDs.
The defendant was arraigned on a felony complaint on June 8, 2008, charging defendant with trademark counterfeiting in the second and third degrees in violation of Penal Law §§ 165.72 and 165.71. The defendant appeared before a judge on September 8, 2008, but an adjournment was required because no *301 Chinese interpreter was present. On September 11, 2008, the felony count (trademark counterfeiting in the second degree) was dismissed, and a supporting deposition was offered to the court for the purpose of converting the complaint to an information. However, the presiding judge refused to accept the affidavit for the purposes of converting the misdemeanor complaint, stating that it contained hearsay and therefore could not convert to a misdemeanor complaint.
The People filed a certificate of trial readiness on September 17, 2008. Along with the certificate of trial readiness, the People filed the same affidavit previously rejected.
Discussion
When a felony complaint has been reduced to a misdemeanor complaint, unless the defendant pleads guilty or waives prosecution by information, the misdemeanor complaint must be replaced prior to trial with an information which meets the requirement for facial sufficiency (CPL 170.65, 100.40 [1] [c]; 100.15 [3]; 170.35; People v Alejandro, 70 NY2d 133 [1987]). In order to be valid, an information must: (1) substantially conform to the requirements set down in CPL 100.15* (see People v Williams, 21 Misc 3d 678, 680 [Albany City Ct 2008], citing People v Alejandro, 70 NY2d at 136; CPL 100.40); (2) show that the factual portion of an information provides reasonable cause to believe that the defendant committed the offense (see People v Alejandro, 70 NY2d at 137); and (3) show that the factual portion of an information and/or any supporting depositions filed therewith is supported by nonhearsay allegations of fact which, if true, establish every element of the offense charged (see People v Alejandro, 70 NY2d at 137; CPL 100.40 [1] [c]). According to CPL 70.10 (2),
“ ‘[Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of *302 ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.”
In making its final determination, the court will have to consider “whether both the alleged facts and the reasonable inferences to be drawn from those facts, viewed in the light most favorable to the People, would, if true, establish every element of the crime charged.” (See People v Hobson, 22 Misc 3d 1111[A], 2009 NY Slip Op 50086[U], *2 [Crim Ct, NY County 2009].)
In this case, the People have provided sufficient sworn allegations of fact that the defendant offered to sell counterfeit DVDs. Here, the accusatory instrument specifies how the complaining officer concluded that the DVDs were counterfeit. Police Officer John Coyle was present in the Boston Market restaurant where an alleged offer took place, and personally observed the defendant making such offer. Furthermore, Police Officer Coyle relied on his prior experience in making arrests for counterfeit DVDs in order to determine that the said disks were not official copies of the movies and were still being shown in the movie theaters and not available for distribution to the public. Moreover, Mr. Steven Olah, who spoke with Police Officer Coyle, and provided corroboration that the DVDs were counterfeit, basing his conclusions as to their authenticity on his experience and formal training as a member of the Motion Picture Association of America in dealing with counterfeit DVDs.
The defense counsel argues that the complaint contains conclusory statements and that “[standing alone, a conclusory statement . . . does not meet the reasonable cause requirement (see People v Dumas, 68 NY2d 729, 731 [1986]). Rather, the factual allegations must establish the basis of the arresting officer’s belief’ that the DVDs were counterfeit. (See People v Kalin, 12 NY3d at 229.) Furthermore, defense counsel contends that Police Officer Coyle had not asserted that he has received any special training from any source or agency, or had any other basis for this unique knowledge.
In past decisions the court would have accepted defense counsel’s argument since it has held that merely alleging an officer’s reliance on his experience “was insufficient to satisfy the prima facie case standard” (see Matter of Jahron S., 79 NY2d 632, 640 [1992]). However, in People v Kalin (12 NY3d at 228), where the defendant argued that a “police officer’s reliance on *303 his experience ... in determining that defendant possessed heroin was insufficient to support the charge of criminal possession of a controlled substance in the seventh degree,” the court reversed the lower court’s decision, stating that “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (See People v Kalin, 12 NY3d at 230, quoting People v Konieczny, 2 NY3d 569, 575 [2004].) Although Kalin refers to a police officer’s experience in making drug arrests, the court in Kalin did not state that its decision was limited solely to narcotics cases. Therefore its standards can be applied here.
The core concerns expressed by the court in Kalin were satisfied in this case. The defendant was on notice that (1) he is charged with a violation of Penal Law § 165.71, trademark counterfeiting in the third degree, on June 8, 2008, for selling counterfeit DVDs; (2) the DVDs were contained in plastic sleeves rather than hardshell cases; (3) the cover art was low grade color copies on rough and inferior quality paper; and (4) based on the deponent’s knowledge, the feature film titles were still being shown in movie theaters and were not yet available for DVD release and retail sale. The above-mentioned facts are specific enough to allow the defendant to prepare a defense as to the charges against him, and permit him to invoke the protection of double jeopardy in the event he is acquitted of those charges but later subject to further prosecution.
Defense counsel further argues that Mr. Olah, having not seen the DVDs in question, had no personal knowledge of the items and therefore his conclusions, drawn as to their authenticity, were based on pure hearsay. However, in this case Mr. Olah’s supporting deposition does not stand alone; when read together with Police Officer Coyle’s complaint, it establishes a prima facie case for the crime charged. Here, Police Officer Coyle had firsthand knowledge of the counterfeit DVDs and he conveyed this nonhearsay information to Mr. Olah who, based on his experience and formal training, was able to conclude that the DVDs were counterfeit.
Furthermore, there are two statutes providing relevant definitions for what constitutes a supporting deposition — CPL 100.20 and 100.25 (2). As per CPL 100.20,
“[a] supporting deposition is a written instrument accompanying or filed in connection with an infor *304 mation, . . . [or] a misdemeanor complaint . . . containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of an accusatory instrument and support or tend to support the charge or charges contained therein(Emphasis added.)
Also, CPL 100.25 (2), which prescribes the form and content of a supporting deposition, requires only that it “contain! ] factual allegations providing reasonable cause to believe that the defendant committed the offense or offenses charged.” (See People v Trunk, 17 Misc 3d 1136[A], 2007 NY Slip Op 52308[U], *3 [Vil of Port Washington Just Ct, Nassau County 2007] [emphasis added].) According to People v Trunk (2007 NY Slip Op 52308[U], *2-3), “[t]o be sufficient, a supporting deposition must contain merely enough facts ... to provide reasonable cause to believe that the statute was violated.” In this case, the corroborating evidence provided by Mr. Olah in his supporting deposition is more than adequate to provide reasonable cause to believe that the defendant committed the crimes charged.
Addressing defense counsel’s issue with Mr. Olah’s affidavit, which stated that he was “only ‘confident that’ ” the DVDs failed to clearly disclose the name and address of the manufacturer, according to People v Sylla (7 Misc 3d 8, 10 [App Term., 2d Dept 2005]) “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged.” Although People v Sylla speaks about an information itself, it can be inferred that a supporting deposition which is a component of an information would not need to contain precise terms as long as it could be deduced that there has been a violation.
Finally, the argument that the presiding judge’s decision on September 11, 2008, on the matter of conversion is the law of this case is incorrect. In People v Brooks (190 Misc 2d 247, 251 [App Term, 1st Dept 2001]) the court held that the “view expressed by the Calendar Judges ... is not binding upon us.” Although there, the court was considering the issue of whether “[d]elays due to the unavailability of the court resulting in adjournments for more than the time period actually requested by the People are excludable in postreadiness cases” (id.), the court’s decision is applicable here nevertheless because like in Brooks, the reliance on a court’s advisory opinion is erroneous. (See People v Berkowitz, 50 NY2d 333, 349 [1980] [stating that *305 calendar notations made at the “direction of the Presiding Justice ... do not comprise a binding determination”].) Therefore, it is the judge deciding the instant motion who determines whether the misdemeanor complaint was converted to an information at the time of reduction on September 11, 2008.
In a motion pursuant to the CPL 30.30 speedy trial statute, the defendant bears the burden of going forward with sworn allegations of fact to show that there has been an inexcusable delay beyond the time allowed by the statute and then the People have the burden of justifying that delay (People v Santos, 68 NY2d 859 [1986]).
CPL 30.30 (5) (c) provides that where a criminal action is commenced by the filing of a felony complaint, which is replaced by a misdemeanor complaint, the period applicable for determining the amount of time in which the People must be ready for trial is the period applicable to the new charges, calculated from the date the first instrument is replaced, or six months from the filing of the felony complaint, whichever is shorter (People v Cooper, 98 NY2d 541 [2002]).
Accordingly, in this case, the shorter period is 183 days calculated from June 8, 2008 (see CPL 30.30 [1] [b]).
The People answer ready by announcing ready on the record, or by filing a statement of readiness and serving a copy on defense counsel within a reasonable time thereafter (see People v Anderson, 252 AD2d 399 [1998], lv denied 92 NY2d 1027 [1998]; see also People v Kendzia, 64 NY2d 331 [1985]). The statute contemplates announcement of present readiness, not a prediction or expectation of future readiness (People v Kendzia, 64 NY2d 331, 337 [1985]).
June 8, 2008 — September 8, 2008 (92 Days Chargeable)
On June 8, 2008, the felony complaint was filed and the court adjourned the case to September 8, 2008. This 92-day period is chargeable to the People.
September 8, 2008 — September 11, 2008 (0 Days Chargeable) There was no Chinese interpreter present. The period is not chargeable because “the assignment of an interpreter is the responsibility of the court and not the People.” (See People v Park, 168 Misc 2d 342, 344 [Crim Ct, Bronx County 1995].)
September 11, 2008 — September 17, 2008 (0 Days Chargeable) On September 11, 2008, the felony was dismissed and a supporting deposition was offered for the purpose of converting the *306 complaint to an information charging a class A misdemeanor. This period is not chargeable to the People (CPL 30.30 [4] [a]).
September 17, 2008 — December 22, 2008 (0 Days Chargeable) On September 17, 2008, the People filed a certificate of trial readiness and a supporting deposition; and the court adjourned the case to November 18, 2008. On November 18, 2008, the court adjourned the case to December 22, 2008, for discovery by stipulation. This period is not chargeable to the People (CPL 30.30 [4] [a]).
December 22, 2008 — February 18, 2009 (0 Days Chargeable) On December 22, 2008, defense counsel requested an adjournment for possible disposition; and the court adjourned the case to February 18, 2009. This period is not chargeable to the People (CPL 30.30 [4] [b]; People v Lang, 5 Misc 3d 1021[A], 2004 NY Slip Op 51474[U] [Crim Ct, Kings County 2004]).
February 18, 2009 — April 23, 2009 (0 Days Chargeable) On February 18, 2009, no disposition was reached and the case was adjourned to April 23, 2009 for hearings or trial. This period is not chargeable to the People (CPL 30.30 [4] [a]).
April 23, 2009 — May 20, 2009 (0 Days Chargeable) On April 23, 2009, the People announced ready; and the case was adjourned for the court’s convenience to May 20, 2009, for pretrial hearings. This period is not chargeable to the People (CPL 30.30 [4] [a]).
May 20, 2009 — July 7, 2009 (0 Days Chargeable) The instant motion was filed on May 18, 2009. On May 20, 2009, the court set a motion schedule directing the People to file their opposition no later then June 1, 2009. The People filed their opposition on June 1, 2009. This period is not chargeable to the People (CPL 30.30 [4] [a]). The balance is attributable to the instant motion, and is not chargeable to the People (CPL 30.30 [4] [a]; People v Brown, 99 NY2d 488 [2003]; People v Worley, 66 NY2d 523 [1985]).
Conclusion
The People are chargeable for a total of 92 days of the “speedy trial” time.
Accordingly, since chargeable time has not exceeded 183 days, the defendant’s motion is denied.

 CPL 100.15 (1) provides that “[a]n information, a misdemeanor complaint and a felony complaint must each specify the name of the court in which it is filed and the title of the action, and must be subscribed and verified by a person known as the ‘complainant.’ The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged.” (Emphasis added.)